■ Rose McBrien, Individually and as Shareholder of No. 730 Richmond Terrace Corporation and in the Right of No. 730 Richmond Terrace Corporation, Appellant, v Frank Murphy, Jr., et al., Respondents.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about April 26, 1989, which denied plaintiff's motion for appointment of a temporary receiver, unanimously affirmed, without costs.

Plaintiff, a one-third shareholder in a closely held family corporation which owns three parcels of real estate on Staten Island's north shore, alleges that defendant has breached his fiduciary duties in the course of his tenure as sole corporate operating officer. A substantial portion of plaintiff's claim for appointment of a temporary receiver was based upon the failure to secure any tenant for any of the properties in the year prior to the motion, resulting in an utter lack of income to the corporation. The showing on the motion was, however, insufficient to establish, by clear and convincing evidence, a danger of irreparable loss or material injury to the corporation or its assets, and thus the court's refusal to grant the exceptional remedy of appointment of a temporary receiver was not an abuse of discretion (CPLR 6401 [a]; *Groh v Halloran,* 86 AD2d 30; 7A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 6401.03, 6401.05, 6401.08). While plaintiff did raise substantial questions as to defendant's stewardship of parcel number three, this lot is unimproved and the smallest of the three corporate properties. Further proceedings in this action can afford plaintiff sufficient relief, if warranted, with respect to this parcel and her other contentions, without the necessity for a receiver to take possession of the corporate property pendente lite *(Hahn v Garay,* 54 AD2d 629). Concur—Asch, J. P., Milonas, Ellerin and Wallach, JJ.