■ PIXEL INTERNATIONAL NETWORK, INC., Respondent, v STATE OF NEW YORK, Appellant, and McGINN, SMITH CAPITAL HOLDINGS CORPORATION et al., Respondents, et al., Defendant. (Action No. 1.) McGINN, SMITH CAPITAL HOLDINGS CORPORATION, Appellant, v PIXEL INTERNATIONAL NETWORK, INC., et al., Respondents. (Action No. 2.) [644 NYS2d 377] —Crew III, J.

In August 1990, Pixel International Network, Inc. and the Division of the State Fair, Department of Agriculture and Markets (hereinafter the Department) entered into an agreement, pursuant to the terms of which Pixel was to install and operate an electronic message center marquee and up to six illuminated billboards on the grounds of the New York State Fair, located in the Town of Geddes, Onondaga County. This agreement was approved by the Attorney-General and by the Comptroller.

Thereafter, in September 1991, Pixel sought and received approval from the Department to assign its right to construct and operate the six billboards to Vancom Enterprises, Inc. Pixel and Vancom memorialized this assignment in two agreements, dated September 15, 1991 and May 14, 1992, respectively, neither of which were approved by the Attorney-General or the Comptroller. During this same time period, Pixel and the Department also agreed to certain clarifications of their prior agreement. Specifically, Pixel and the Department agreed that the marquee would be replaced by an "Electronic Media Communication Center" (hereinafter EMCC), which Pixel would own for a 10-year period and would then either sell to the Department for its fair market value or remove from the premises. This agreement, as set forth in a letter dated May 4, 1992, also was not approved by either the Attorney-General or the Comptroller. Additionally, in June 1992, Pixel entered into a joint venture agreement with McGinn, Smith Capital Holdings Corporation (hereinafter MSCH), wherein MSCH agreed to provide funding for the construction and installation of the EMCC in exchange for a share of the profits from the EMCC and the Vancom contract.

Although Pixel thereafter moved forward with the project, it ceased operating the EMCC in December 1992 due to problems that developed in the interim. As a result, MSCH informed Pixel in January 1993 that it was in violation of the joint venture agreement. Following Pixel's refusal to resume operation of the EMCC, the Department terminated its agreement with Pixel in May 1993, at which time the Department also informed Pixel that it had no legal basis to maintain the six remaining billboards on the premises.

Pixel thereafter commenced action No. 1 against the State, MSCH and Vancom seeking declaratory relief regarding, *inter alia*, the ownership of the EMCC and the six billboards. The State moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) or, alternatively, for summary judgment pursuant to CPLR 3211 (c). By order dated June 17, 1993, Supreme

Court, *inter alia,* denied the State's motion to dismiss and its motion for summary judgment, the latter without prejudice to renew. It appears that no appeals were taken from this order.

In November 1993, MSCH commenced action No. 2 against Pixel and its president, defendant Dennis Kruegler, asserting various causes of action. Following joinder of issue, MSCH moved for partial summary judgment as to its second cause of action with respect to Pixel only, seeking a declaration that Pixel was in default of the joint venture agreement, and as to its sixth cause of action for conversion against both Pixel and Kruegler. Pixel responded by cross-moving for, *inter alia,* leave to amend its answer. Shortly thereafter, in January 1994, the State again moved for summary judgment in action No. 1 and, further, sought the appointment of a temporary receiver regarding moneys due from Vancom arising out of the revenue generated from the six billboards.

By order entered January 27, 1995, Supreme Court, *inter alia,* denied the State's motions for summary judgment and for the appointment of a temporary receiver, and the State appeals from this portion of Supreme Court's order. In the context of action No. 2, Supreme Court denied MSCH's motion for partial summary judgment as to its second cause of action, granted MSCH's motion for partial summary judgment as to its sixth cause of action and granted Pixel's motion for leave to amend its answer. MSCH appeals from so much of the order as denied its motion for partial summary judgment on its second cause of action and as granted Pixel's motion to amend its answer.

As a starting point, we agree with MSCH that the State cannot appeal the denial of its January 1994 "renewed" motion for summary judgment. Where a renewal motion is nothing more than a reprise of a prior, unsuccessful motion for the same relief, it will be deemed to be a motion to reargue, the denial of which is not appealable (*see, Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 173 AD2d 203, 204; *Cherchio v Alley,* 111 AD2d 541, 542). Here, a review of the papers submitted in support of the State's motions for summary judgment in May 1993 and January 1994, respectively, reveals that the proof submitted on the two motions is virtually identical. Indeed, the only difference consists of an updated affidavit from Michael McCormick, an attorney employed by the Department, wherein McCormick avers that since the denial of the State's May 1993 motion for summary judgment, "no evidence has been produced or identified showing that the agreement between [Pixel and the Department] * * * was amended in accor-

dance with the provisions of the State Finance Law". Although the State contends that the denial of its January 1994 motion is properly before this Court, it acknowledges in its reply brief that "[n]o further information was found" during the intervening period. As such, we view the latter motion to renew as one to reargue and, hence, the denial of the State's January 1994 motion for summary judgment is not appealable.

Turning to the remaining portion of the State's appeal, we also are of the view that Supreme Court did not err in denying the State's motion for the appointment of a temporary receiver with respect to Vancom's operation of the six billboards on the premises. In support of that motion, McCormick averred only that Vancom had failed to provide a definitive response to the concerns and inquiries raised by the State regarding Vancom's continued operation of the billboards and its purported retention of the revenues generated thereby. This falls far short of the clear evidentiary showing required by CPLR 6401 (a) to warrant the appointment of a temporary receiver (see generally, Eastbank v Malneut Realty Corp., 180 AD2d 442; McBrien v Murphy, 156 AD2d 140; Modern Collection Assocs. v Capital Group, 140 AD2d 594; compare, Lefebvre v Shea, 212 AD2d 884) and, on this record, we cannot say that Supreme Court abused its discretion in this regard.

Finally, with respect to the denial of MSCH's motion for summary judgment on its second cause of action, the record reveals that certain of MSCH's rights are indeed contingent upon the resolution of Pixel's claims against the State, which has asserted that it owns the EMCC free of any encumbrances including, it would appear, the security interest that Pixel granted to MSCH pursuant to the joint venture agreement. Accordingly, Supreme Court properly denied MSCH's motion in this regard. MSCH's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.