■ In the Matter of the Estate of MAX SAKOW, Deceased. EVELYN BRESLAW et al., Appellants; WALTER SAKOW et al., Respondents. [712 NYS2d 540] —Order, Surrogate's Court, Bronx County (Lee Holzman, S.), entered September 15, 1998, which, to the extent appealed from, as limited by the briefs, incorporated and supplemented the court's decision, dated September 12, 1997, permitting petitioners-appellants to opt to presently receive 4/9ths of the total value of items 1 through 9 without crediting or debiting either movants or Walter Sakow for either any profits that have been earned over the years or any expenses incurred during that period, unanimously affirmed, without costs.

Max Sakow died testate in 1956, leaving 3/9ths or 1/3rd of his estate to his widow Rose with the remaining 6/9ths or 2/3rds to be divided equally among his three children Walter, aged 25, Evelyn, aged 20, and Diane, aged 15, with the shares of his two daughters to be held in trust until they reached the age of 23. Although Max's will was probated and Rose appointed as executrix, the trusts for the daughters were never formed and it was not until 1983 that they learned their father had left a will. In the meantime, Walter used the estate's assets to enrich himself.

This compulsory accounting proceeding against Rose and Walter was commenced in 1984, alleging breach of fiduciary duty, fraud and unjust enrichment, and Walter was ordered to account to his sisters as de facto executor of Max's estate. Rose died after trial, leaving her entire estate to her daughters. The daughters now contend that, in addition to their individual 2/9ths shares, they should also receive Rose's 3/9ths interest in Max's estate.

However, whatever the daughters may receive from Rose's estate would be separate and apart from any share of Max's estate they receive as the result of this proceeding. Given the fact, as found by the Surrogate, that petitioners' mother, Rose, in accounting as de jure executrix of her husband Max's 1956 estate, "averred that the estate had been properly administered, including the distribution of a 1/3 interest to herself," the option offered by the Surrogate, in effect, gave each petitioner 2/9ths or 1/3rd of *what remains*, for a total of 4/9ths or 2/3rds of *what remains* of their father's estate. Such distribution would thus leave their self-dealing brother with an equal 2/9ths, or 1/3rd share of what remains of his father's estate, not a 5/9th share as claimed by petitioners.

Inasmuch as Walter has already been ordered to give a full accounting of the W.E.D. Corporation properties (219 AD2d 479) and the order appealed from directs a full accounting regarding the nine parcels of real property described in the September 12, 1997 decision of the Surrogate, we deem the Surrogate's proposed apportionment an equitable solution to bring a prompt resolution to this longstanding and bitter family dispute. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.