■ In the Matter of the Estate of Max Sakow, Deceased. Walter Sakow, as DeFacto Executor of Max Sakow, Deceased, Appellant; Diana Sakow et al., Respondents, and Harriet Sillen et al., Appellants. [712 NYS2d 541] —Order, Surrogate's

Court, Bronx County (Lee Holzman, S.), entered February 1, 2000, which, to the extent appealed from as limited by the briefs, granted the application of objectants-respondents Evelyn Breslaw and Diana Sakow, the decedent's daughters, for (1) appointment of a temporary receiver to oversee nine parcels of real property (16 lots) located in the Bronx that were in the name of decedent or his corporations at the time of his death (the Bronx properties); (2) production by objectant-appellant Walter Sakow of bank records and tax returns for the Bronx properties; and (3) permission to file new notices of pendency for the Bronx properties and an additional 11 parcels (16 lots) located in other New York counties (the additional properties) in place of prior vacated or expired notices, unanimously modified, on the law, to the extent of denying that branch of the motion seeking to file new notices of pendency for the Bronx properties, and otherwise affirmed, without costs.

The Surrogate properly granted the application of objectant-respondent sisters for the appointment of a temporary receiver to oversee the Bronx properties. The election of remedies doctrine did not preclude the sisters from switching to the second of the two equitable remedy options made available by the Surrogate, which would provide them with immediate tangible benefits, because requiring them, at their advanced age, to continue with the option they originally chose would have engendered a protracted accounting proceeding covering a 40-year period, and, in so doing, would have effectively deprived them of any remedy at all (see, *Clark v Kirby*, 243 NY 295, 303). The appointment of a receiver was otherwise warranted in light of clear and convincing evidence that objectant-appellant Walter Sakow's continued control of the Bronx properties would result in irreparable harm to the sisters' interests therein (cf., *McBrien v Murphy*, 156 AD2d 140).

Having permitted the notices of pendency for the Bronx properties to expire and having failed to seek an extension pursuant to CPLR 6513, the sisters should not have been permitted to file new notices with respect to those properties (see, *Slutsky v Blooming Grove Inn*, 147 AD2d 208, 212). However, this Court's reinstatement of the sisters' fraud claims against Walter Sakow with respect to the additional properties revived their right to encumber those properties. Accordingly, the Surrogate properly permitted the sisters to file new, prospectively effective notices as to the additional properties.

Objectant-appellant's counsel's offer to produce bank accounts and tax returns related to the Bronx properties after having been notified that his client's sisters had purportedly

relinquished their right to an accounting by choosing the second remedial option amounts to a waiver of objectant-appellant's claim that he should not have to produce such documents. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ. [Recalled and vacated 280 AD2d — (Feb. 20, 2001).]