■ In the Matter of the Estate of MAX SAKOW, Deceased. WALTER SAKOW, Appellant; DIANA SAKOW et al., Respondents, and HARRIET SILLEN et al., Appellants. [721 NYS2d 34] —Order, Surrogate's Court, Bronx County (Lee Holzman, S.), entered February 1, 2000, which, to the extent appealed from as limited by the briefs, granted the application of objectants-respondents Evelyn Breslaw and Diana Sakow, the decedent's daughters, for (1) appointment of a temporary receiver to oversee nine parcels of real property (16 lots) located in the Bronx that were in the name of decedent or his corporations at the time of his death (the Bronx properties); (2) production by objectant-appellant Walter Sakow of bank records and tax returns for the Bronx properties; and (3) permission to file new notices of pendency for the Bronx properties and an additional 11 parcels (16 lots) located in other New York counties (the additional properties) in place of prior vacated or expired notices, unanimously modified, on the law, to the extent of denying that branch of the motion seeking to file new notices of pendency for the Bronx properties and the additional properties, and otherwise affirmed, without costs.

The Surrogate properly granted the application of objectant-respondent sisters for the appointment of a temporary receiver to oversee the Bronx properties. The election of remedies doctrine did not preclude the sisters from switching to the second of the two equitable remedy options made available by the Surrogate, which would provide them with immediate tangible benefits, because requiring them, at their advanced age, to continue with the option they originally chose would have engendered a protracted accounting proceeding covering a 40-year period, and, in so doing, would have effectively deprived them of any remedy at all (*see, Clark v Kirby*, 243 NY 295, 303). The appointment of a receiver was otherwise warranted in light of clear and convincing evidence that objectant-appellant Walter Sakow's continued control of the Bronx prop-

erties would result in irreparable harm to the sisters' interests therein (*cf., McBrien v Murphy*, 156 AD2d 140).

The notices of pendency for the Bronx properties and the additional properties having expired or been vacated and the sisters having failed to seek an extension pursuant to CPLR 6513, they should not have been permitted to file new notices with respect to those properties (*see, Slutsky v Blooming Grove Inn*, 147 AD2d 208, 212).

Objectant-appellant's counsel's offer to produce bank accounts and tax returns related to the Bronx properties after having been notified that his client's sisters had purportedly relinquished their right to an accounting by choosing the second remedial option amounts to a waiver of objectant-appellant's claim that he should not have to produce such documents. Concur—Williams, J. P., Tom, Andrias, Lerner and Friedman, JJ.

Reargument granted and, upon reargument, the Decision and Order of this Court entered herein on August 31, 2000 (275 AD2d 292) is hereby recalled and vacated.