■ In the Matter of EXTREME WIRELESS, LLC. HERNAN MO-LINA, Respondent; DANIEL HONG, Appellant. [750 NYS2d 520] —In a proceeding, inter alia, pursuant to Limited Liability Company Law § 702 to dissolve Extreme Wireless, LLC, Daniel Hong appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 29, 2002, as granted the petition for dissolution, denied those branches of his motion which were for a preliminary injunction and leave to assert an additional counterclaim based upon an alleged violation of a covenant not to compete contained in the operating agreement of Extreme Wireless, LLC, and denied his separate cross motion for the right to purchase the petitioner's interest in Extreme Wireless, LLC.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The appropriateness of an order of dissolution of a limited liability company is vested in the sound discretion of the court hearing the petition (*see* Limited Liability Company Law § 702). Pursuant to the terms of Limited Liability Company Law § 702, the court is instructed to consider whether it is no longer reasonably practicable to carry on the business of the limited liability company in conformity with the articles of organization or operating agreement (*see* Limited Liability Company Law § 702). Under the circumstances presented here, the Supreme Court providently exercised its discretion in granting the petition for dissolution.

The Supreme Court properly denied that branch of the appellant's motion which was for a preliminary injunction enjoining the petitioner from opening a competing cellular telephone retailer, allegedly in violation of the covenant not to compete contained in the operating agreement of Extreme Wireless, LLC (hereinafter Extreme). The dissolution of Extreme renders injunctive relief of this nature academic, as there is no longer a company in existence with which to compete.

The appellant's remaining contentions are without merit. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.