■ In the Matter of the Estate of MAX SAKOW, Deceased. WALTER SAKOW, as De Facto Executor of MAX SAKOW, Deceased, Appellant; EVELYN BRESLAW et al., Respondents. [771 NYS2d 68]—

Order, Surrogate's Court, Bronx County (Lee Holzman, S.), entered July 9, 2001, which, inter alia, directed the temporary receiver of the estate of Max Sakow to offer for sale nine parcels of real estate situated in Bronx County, subject to a prior right of purchase by any party and the approval of the court, unanimously affirmed, with costs.

This Court has already approved the distribution of four ninths of the value of the nine parcels of real estate as "an equitable solution to bring a prompt resolution to this longstanding and bitter family dispute" (275 AD2d 279, 280 [2000]). Respondent, having been directed to give an accounting of the properties (*id.*), will not be heard to contend that under SCPA 1916 his inability to do so must delay distribution. Given the extraordinary delay in the administration of this estate and beneficiaries who are innocent of any wrongdoing, if respondent is unable to account for the value of the parcels, it is eminently equitable to let the market set the value. As the Surrogate stated, "[t]he history of this litigation portends that the parties would litigate rather than agree upon the appraised value of the property or even upon a procedure for appraising the property." Objectants are in their sixties and, as we have previously observed, requiring them to await the outcome of "a protracted accounting proceeding covering a 40-year period . . . would have effectively deprived them of any remedy at all" (280 AD2d 378, 378 [2001]). Partition and sale of the subject properties is appropriate under the circumstances to avoid prejudice to objectants (RPAPL 901 [1]; *see Bufogle v Greek,* 152 AD2d 527 [1989]). Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.