■ WIDEWATERS HERKIMER COMPANY, LLC, et al., Respondents, v STEVEN F. AIELLO et al., Appellants. [817 NYS2d 790]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered December 15, 2004. The order, inter alia, granted plaintiffs' cross motion for partial summary judgment dismissing the counterclaims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion with respect to the second through sixth counterclaims and reinstating those counterclaims and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, Widewaters Herkimer Company, LLC (Widewaters) and Eljoe Ventures, LLC (Eljoe), the majority member of Widewaters, commenced this action against two minority members of Widewaters. The first cause of action seeks a declaration that Eljoe has the right to acquire defendants' membership interests in Widewaters based on defendants' alleged breach of Widewaters' operating agreement in failing to make required contributions in response to a capital call. The second cause of action seeks monetary damages for the alleged breach set forth in the first cause of action. Defendants' answer asserts, inter alia, six counterclaims.

Supreme Court properly granted that part of plaintiffs' cross motion for partial summary judgment dismissing the first

counterclaim seeking dissolution of Widewaters. In alleging that the majority members breached their fiduciary duty to defendants and engaged in unlawful or oppressive conduct toward them, defendants "did not plead the requisite grounds for dissolution of a limited liability company" (*Artigas v Renewal Arts Realty Corp.*, 22 AD3d 327, 327 [2005], citing Limited Liability Company Law §§ 701, 702). The court therefore did not abuse the sound discretion vested in it with respect to "[t]he appropriateness of an order of dissolution of a limited liability company" (*Matter of Extreme Wireless*, 299 AD2d 549, 550 [2002]; *see generally Matter of Spires v Lighthouse Solutions, LLC*, 4 Misc 3d 428, 438 [2004]). The court also properly denied that part of defendants' motion for appointment of a temporary receiver (*see Pixel Intl. Network v State of New York*, 228 AD2d 899, 902 [1996]; *McBrien v Murphy*, 156 AD2d 140 [1989]; *cf. Singh v Brunswick Hosp. Ctr.*, 2 AD3d 433, 434 [2003]). The court further properly denied that part of defendants' motion for summary judgment dismissing the complaint. As the court concluded, there are triable issues of fact concerning whether the project was "[o]pen for business" at the time of the capital call, thereby authorizing the capital call to be made by plaintiffs. In addition, there are triable issues of fact concerning whether the capital call was necessitated or otherwise preceded by plaintiffs' wrongful conduct toward defendants.

We conclude, however, that the court erred in granting that part of plaintiffs' cross motion for partial summary judgment dismissing the second through sixth counterclaims. As the court noted in its decision, defendants raised triable issues of fact concerning the propriety of the transactions engaged in by plaintiffs, particularly with respect to their alleged payment of preferential distributions or preferential returns of capital to the majority members, their alleged payment of excessive fees to management and other fees to related entities, their alleged prepayment of loans to related entities, and their alleged commingling funds of Widewaters with funds of other related entities. Those triable issues of fact preclude the dismissal of the second through sixth counterclaims, which allege theft, fraud, and breach of fiduciary duty on the part of plaintiffs (*see Sterling Natl. Bank v Israel Discount Bank of N.Y.*, 305 AD2d 184, 186 [2003]; *Glazer & Gottlieb v Nachman*, 233 AD2d 275 [1996]; *Dershowitz & Eiger v Helmsley*, 219 AD2d 497 [1995]; *see also Matter of Watson*, 8 AD3d 1092 [2004]; *cf. Eagle Comtronics v Pico Prods.*, 270 AD2d 832, 834 [2000]), and we modify the order accordingly. Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.