*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 23, 2014              517801
_____

JAMES T. TOWNE JR.,
    Individually and on Behalf
    of TOWNEKING REALTY, LLC,
                    Appellant-
                    Respondent,
            v                                  MEMORANDUM AND ORDER

JOHN P. KINGSLEY,
                    Respondent-
                    Appellant.
_____


Calendar Date:    September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

_____


        DuCharme, Clark & Sovern, LLP, Clifton Park (John B.
DuCharme of counsel), for appellant-respondent.

        John P. Kingsley, Catskill, respondent-appellant pro se.

_____


Garry, J.

        Cross appeals from an order of the Supreme Court (Platkin,
J.), entered July 23, 2013 in Greene County, which, among other
things, partially denied plaintiff's motion for summary judgment.

        The parties, who formerly practiced law together as
Kingsley and Towne, P.C., formed Towneking Realty, LLC in 1995 to
purchase the building in which their law office was located in
the Town of Catskill, Greene County.  In 1999, the parties
dissolved Kingsley and Towne, P.C., and each opened separate law
practices.  Thereafter, defendant remained in possession of the
Catskill property, operated his law practice there, collected

rents from tenants and covered the mortgage payments, maintenance and repair costs, and other expenses associated with the property. Defendant asserts that these actions were taken pursuant to an oral agreement between the parties by which he became the sole owner of the property, effective in January 2000, and assumed all related expenses. Plaintiff maintains that although such an agreement was discussed, it was never finalized.

In 2007, defendant executed and recorded a deed transferring the Catskill property from Towneking to himself. In 2012, plaintiff objected in writing to the property transfer and demanded that defendant transfer the property back to Towneking and provide an accounting. Upon defendant's failure to comply, plaintiff commenced this action alleging, among other things, breach of fiduciary duty, conversion and fraud, and seeking a constructive trust, an injunction and an accounting. Defendant's answer asserted affirmative defenses and a counterclaim. Plaintiff moved for summary judgment in his favor on all claims, dismissal of the affirmative defenses and counterclaim, and appointment of a receiver. Defendant opposed and cross-moved for an order compelling certain disclosure. Supreme Court denied the parties' motions, with the exception of granting plaintiff's request to dismiss certain affirmative defenses. Plaintiff appeals.[1]

Plaintiff contends that Supreme Court should have granted his motion for summary judgment in his favor on all of his causes of action, arguing that his submissions establish that the parties did not reach an agreement to convey the property to defendant and that defendant thus engaged in improper self-dealing by transferring the property to himself. We disagree. An enforceable contract requires "an objective meeting of the minds" and "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999];

_____

[1] Defendant cross-appealed, but abandoned his claims by failing to address them in his brief (see Mills v Chauvin, 103 AD3d 1041, 1044 n 2 [2013]).

accord Mills v Chauvin, 103 AD3d 1041, 1047 [2013]).  The
parties' correspondence between 2003 and 2005 – which plaintiff
submitted, along with other documents, in support of his motion –
does not, as he claims, conclusively establish that no agreement
was ever reached between the parties.  Instead, while the letters
can be read to support such a contention, they can also be read
to support defendant's claim that the parties did reach such an
agreement, but that plaintiff then refused to comply with it
because of other unresolved issues related to the dissolution of
their law firm.  Other undisputed aspects of the parties' conduct
also pose issues that may be developed at trial.  Defendant's
submissions reveal that he maintained exclusive possession of the
property and covered all related costs and expenses, while
plaintiff did not visit the property, inquire about income,
contribute to mortgage payments or repair costs or otherwise
attempt to assert an ownership interest between 2000 and 2012.
Defendant also submitted a 2001 letter written for tax purposes
by the parties' accountant, stating that defendant had become the
property's sole owner as of January 2000.  Although this hearsay
evidence would be inadmissible at trial, it was not error to
consider the letter in opposition to plaintiff's summary judgment
motion here, as other competent evidence also supported
defendant's contention (see Saint James' Episcopal Church v
F.O.C.U.S. Found., 47 AD3d 1058, 1059-1060 [2008]; Bond v Giebel,
14 AD3d 849, 850 [2005]).

Taken together, we find support for Supreme Court's
determination that the evidence presents material issues of fact
as to whether the parties agreed to convey the property from
Towneking to defendant and, if so, what the terms of their
agreement were regarding, among other things, the continued
operation of Towneking – which was never formally dissolved –
after the conveyance.  All of plaintiff's causes of action turn,
at least in part, on resolution of these factual questions.
Accordingly, the motion for summary judgment was properly denied.

We further reject plaintiff's contention that Supreme Court
should have granted his motion for dismissal of all of
defendant's affirmative defenses rather than only partially
granting this request.  Plaintiff bore the burden of establishing
that these defenses were without merit as a matter of law (see

<u>Cunningham v Anderson</u>, 85 AD3d 1370, 1372 [2011], <u>lv dismissed and denied</u> 17 NY3d 948 [2011]).  Eight of the challenged defenses — that is, the statute of limitations, laches, waiver, accord and satisfaction, plaintiff's own culpability, lack of cognizable damages, failure to mitigate and lack of standing to assert the derivative claims — turn upon the resolution of factual issues related to the parties' alleged oral agreement and cannot now be resolved as a matter of law.  As for the defense of failure to state a claim, this Court's rule is well established that "the pleaded defense of failure to state a cause of action is harmless surplusage and a motion to strike it should be denied as unnecessary" (<u>Pump v Anchor Motor Frgt.</u>, 138 AD2d 849, 851 [1988]; <u>see</u> <u>Dubois v Vanderwalker</u>, 245 AD2d 758, 760 [1997]; <u>see also</u> <u>Butler v Catinella</u>, 58 AD3d 145, 150 [2008]).  Similarly, as defendant's counterclaim seeking a declaratory judgment regarding the parties' rights with regard to the property depends on resolution of the previously discussed issues, Supreme Court did not err in refusing dismissal.  Nor was there error in the denial of plaintiff's request to appoint a receiver for the property, as he did not make the requisite "clear evidentiary showing" of any danger that the property will be injured or destroyed (<u>Pixel Intl. Network v State of New York</u>, 228 AD2d 899, 902 [1996]; <u>see</u> CPLR 6401 [a]; <u>Vardaris Tech. Inc. v Paleros Inc.</u>, 49 AD3d 631, 632 [2008]).

Peters, P.J., Stein, Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court