Delibasic v Manojlovic (2019 NY Slip Op 05613)





Delibasic v Manojlovic


2019 NY Slip Op 05613


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527584

[*1]SAMIR DELIBASIC et al., Appellants,
v
NEVEN MANOJLOVIC et al., Respondents, et al., Defendants.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Hodgson Russ LLP, Buffalo (Ryan K. Cummings of counsel), for appellants.
Flink Maswick Law PLLC, Lake Placid (James L. Maswick of counsel), for respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered March 23, 2018 in Essex County, which partially denied plaintiffs' motion for, among other things, summary judgment.
Plaintiffs are married and orally formed a partnership with defendants Neven Manojlovic and Edvina Uzunovic (hereinafter collectively referred to as defendants) with each having an equal interest in the partnership. The partnership purchased some property, constructed houses on it and then rented out the houses. The partnership later acquired two other properties, one of which was located on Seneca Trail. The seller of the Seneca Trail property still held the note and mortgage for such property, and the partnership agreed to make monthly payments to the seller. According to plaintiffs, defendants mismanaged the rental properties, misrepresented the amount of money they contributed to the partnership and tried to steal the Seneca Trail property. Plaintiffs commenced this action alleging, as relevant here, claims for breach of fiduciary duty and fraud. Following joinder of issue, plaintiffs moved for, among other things, summary judgment on their claims for breach of fiduciary duty and fraud. In a March 2018 order, Supreme Court denied the motion to the extent that plaintiffs sought summary judgment on these claims. Plaintiffs appeal. We affirm.
To succeed on their claim for breach of fiduciary duty, plaintiffs were required to establish the existence of a fiduciary relationship, misconduct by defendants and damages directly caused by defendants' misconduct (see Loch Sheldrake Beach & Tennis Inc. v Akulich, 141 AD3d 809, 811 [2016], lv dismissed 28 NY3d 1104 [2016]; Rut v Young Adult Inst., Inc., 74 AD3d 776, 777 [2010]). As part of this cause of action, plaintiffs submitted documentary proof establishing that partnership funds were used by defendants to pay off expenses on their personal credit cards. The record, however, also reflects that some of the charges on defendants' personal credit cards were partnership expenses and that, in order to refinance one of the [*2]properties owned by the partnership, the bank required that the credit cards be fully paid off. To the extent that plaintiffs contend that defendants improperly commingled personal and partnership funds or used their personal bank account to hold partnership funds, the record discloses a triable issue of fact as to whether plaintiffs acquiesced to such practice. In addition, to the extent that plaintiffs argue that defendants breached a fiduciary duty by mismanaging the rental properties, the parties offer conflicting testimony on this issue.
Plaintiffs also claim that defendants surreptitiously tried to usurp the Seneca Trail property. In this regard, the record indicates that a limited liability company, whose address for its principal place of business was also defendants' personal residential address, assumed the mortgage for the Seneca Trail property. According to plaintiffs, they were not advised of this fact. The record, however, indicates that mortgage payments for the Seneca Trail property had not been paid and that the original mortgagee had threatened legal action with respect to this property. Manojlovic testified in his deposition that he consulted with an attorney to determine what action should be taken with respect to the Seneca Trail property and was advised to have a third party assume the mortgage. Upon this advice, the mortgage for the Seneca Trail property was ultimately assigned to the limited liability company. Furthermore, according to Manojlovic, neither he nor Uzunovic had any ownership interest in this limited liability company and that he merely managed it. Based on the foregoing, we conclude that Supreme Court did not err in denying that part of plaintiffs' motion seeking summary judgment on the breach of fiduciary duty cause of action (see East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1257-1258 [2016]; Widewaters Herkimer Co., LLC v Aiello, 28 AD3d 1107, 1108 [2006]).
Regarding the fraud cause of action, plaintiffs must show that "defendants knowingly misrepresented a material fact with the intent to deceive [them] and, after having justifiably relied upon such misrepresentation, [they] experienced pecuniary loss" (State of New York v Industrial Site Servs., Inc., 52 AD3d 1153, 1157 [2008]; see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016]; Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1041 [2014]). Plaintiffs point to defendants' actions regarding the Seneca Trail property as one basis for the fraud claim but, as discussed, a question of fact exists concerning the propriety of those actions [FN1]. Plaintiffs also claim that defendants overstated the amount they had paid for utility expenses in connection with some of the subject properties. In his affidavit, Manojlovic did not dispute that there was an overstatement, but further stated that any overstatement was an accounting error and that any errors were fixed prior to the commencement of this action. Plaintiffs also claim that defendants created false invoices concerning expenses to be paid to a contractor that inflated the amount contributed by defendants as capital contributions. Other than speculation, however, plaintiffs failed to substantiate their claim of forgery. Furthermore, Manojlovic explained that he created invoices because the contractor's record keeping was inadequate and that such invoices reflected what had already been paid to the contractor. The contractor also testified at his deposition that he assisted Manojlovic in typing the invoices and creating their format. Finally, the record discloses a triable issue of fact as to what defendants contributed to the partnership as capital contributions. In view of the foregoing, we find that plaintiffs were not entitled to summary judgment on their fraud cause of action (see Abele Tractor & Equip. Co., Inc. v Balfour, 133 AD3d 1171, 1174 [2015]).
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: For this reason, we decline defendants' request to search the record and grant them summary judgment dismissing this aspect of the fraud cause of action.