| **Lignel v Butler** |
|:---:|
| 2025 NY Slip Op 31791(U) |
| May 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650791/2025 |
| Judge: Anar Rathod Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

---------------------------------------------------------------X

JEAN LIGNEL,

                          Petitioner,

              - v -

SUZANNE BUTLER, PHILIP GRAUER, SARAH
BRAMAN, WALLACE F. WHITNEY, CANADA,
LLC

                        Respondents,

CANADA, LLC

                        Nominal-Respondent.

---------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650791/2025 |
| **MOTION DATE** | 02/10/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 5–7, 10–11, and 13–16 were read on this motion for <u>DISSOLUTION</u>.

**<u>Relevant Factual and Procedural History</u>**

Before this Court is a Verified Petition for judicial dissolution of Canada LLC ("Canada" or "LLC") pursuant to New York Limited Liability Company Law ("LLC Law") § 702, the appointment of a receiver or liquidating trustee for Canada pursuant to LLC Law § 703(a), and the production of books and records of Canada to the Petitioner pursuant to LLC Law § 1102.

Canada is a limited liability company organized on April 14, 2000, under the laws of the State of New York, and operates as an art gallery with its principal place of business at 60 Lispenard Street in New York, New York.  NYSCEF Doc. No. 1 ("Petition") at ¶ 6.  As stated in the Operating Agreement, the purpose of the LLC is the "exhibition and sales of artwork." NYSCEF Doc. No. 7 at ¶ 5. ("Operating Agreement").  Jean Lingel ("Petitioner") owns 50% of the membership interests in Canada.  Petition at ¶ 1.  The remaining membership interests are held by Suzanne Butler, Philip Grauer, Sarah Graman, and Wallace F. Whitney (collectively "Respondents"), each owning a 12.5% membership interest in Canada.  *Id*. at ¶¶ 2–5.

It is undisputed that the Operating Agreement governs the LLC.  Under terms of the Operating Agreement, "dissolution is permitted upon the entry of a decree of dissolution of the LLC under state law."  *Id*. at ¶ 8; Operating Agreement at VI (d).  Additional key provisions

650791/2025  LIGNEL, JEAN vs. BUTLER, SUZANNE ET AL
Motion No.  001

Page 1 of 4

1 of 4

include (i) a mandate that any allocation of profits or income from the LLC be paid to members according to their respective percentage interest in the LLC, Operating Agreement at IV (6), (7); (ii) a mandate that members shall not receive distributions unless by written consent of all members, *id.*; and (iii) that all members have the right to inspect the books and records of Canada "upon reasonable notice," *id.* at VII (2).

Petitioner alleges that each individual Respondent received "guaranteed payments" at various times from 2009–2023 amounting to $3,091,076 without his written consent as required by the Operating Agreement. Petition at ¶¶ 9–11, 34. Petitioner alleges that Respondents, *inter alia*, excluded him from governance decisions, conspired to "freeze" him out of Canada, failed to consult him about key business decisions, prevented access to books and records, and moved the LLC's offices without his knowledge or consent. *Id*. at ¶ 20. He asserts that the relationship between himself and Respondents is irreparably broken after years of discord, and Canada should be judicially dissolved because it is no longer practicable to carry on the business of exhibiting and selling art in conformity with the Operating Agreement. Petition at ¶¶ 30–32.

Respondents confirm that each individually received compensation from Canada for performing gallery-related services as permitted by the Operating Agreement, and that compensation was fully disclosed and reported on Canada's tax returns for the relevant period. NYSCEF Doc. No. 10 ("Answer") at ¶ 9; *see* Operating Agreement at II § 6. Respondents state that Petitioner did not receive "guaranteed payments" because he did not actively perform services related to the operation and business of the gallery. Answer at ¶ 9. Respondents argue that the Operating Agreement does not allow members of the LLC to receive compensation for duties associated solely with membership or management of the LLC, which they allege are the only duties Petitioner performed. NYSCEF Doc. No. 15 ("Pet. Reply") at ¶ 9; *see* Operating Agreement at II (6).

Petitioner denies knowledge that payments were made to Respondents until recently and claims that individual Respondents will not provide him access to either the server, or books and records to inspect the finances of Canada. Petition at ¶¶ 43–44. Respondents state they have not denied Petitioner access to any books and records of the LLC since he became a member in 2008. *Id*. at ¶¶ 43–44. Additionally, they allege Petitioner has never made a demand for books and records that was not met. *Id*.

Respondents further deny that they attempted to "freeze" Petitioner out of the business, excluded him from involvement in governance issues, or moved the LLC's offices without Petitioner's knowledge or consent. Answer at ¶¶ 20, 43, 46. Respondents oppose judicial dissolution of the LLC and confirm that the gallery "can continue to carry on its business in conformity with the Operating Agreement." Answer at ¶¶ 29, 31, 35.

## Legal Analysis

Dissolution is permitted under LLC Law § 702 upon "application by or for a member," who "may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the . . .. operating agreement." The "appropriateness of an order of dissolution of a limited liability company is vested in the sound

**650791/2025 LIGNEL, JEAN vs. BUTLER, SUZANNE ET AL**
Motion No. 001

**Page 2 of 4**

2 of 4

[* 2]

discretion of the court hearing the petition." *In the Matter of Extreme Wireless, LLC*, 299 A.D.2d 549, 550 (2d Dept. 2002). If an LLC is dissolved, LLC Law § 703(a) permits a court to appoint a receiver or liquidating trustee to wind up the LLC's affairs. Each member of an LLC pursuant to LLC Law § 1102 has the right to inspect the books and records "for any purpose reasonably related to the member's interest as a member."

Courts have held that "the stated purpose of the LLC did not include the petitioner's participation in management decisions." *Matter of 1545 Ocean Ave., LLC,* 72 A.D.3d 121, 131 (2d Dept. 2010). Furthermore, disagreements between members did not make it reasonably impracticable for an LLC to continue operations in conformity with the operating agreement so long as the LLC remained a viable entity. *Id.* at 129. Dissolution is reserved for "situations in which the LLC's management has become so dysfunctional or its business purpose so thwarted that it is no longer practicable to operate the business." *Id*. at 131.

Here, Petitioner has failed to provide any allegation supporting a determination that it is no longer practicable for the gallery to continue operations in conformity with the Operating Agreement. Although the Court acknowledges the discord between Petitioner and Respondents, the gallery continues to fulfill the stated purpose as set forth in the Operating Agreement of exhibiting and selling art. In support of this finding, Petitioner concedes that the gallery has recently hired additional managers, who are not LLC members, thereby demonstrating that the gallery is a functioning business.

The Court therefore denies the first cause of action to dissolve Canada, LLC pursuant to LLC Law § 702. In light of the foregoing, the Court denies the second cause of action seeking the appointment of a receiver or liquidating trustee pursuant to § 703(a) as moot. Both Petitioner and Respondent agree that Petitioner has rightful access to the books and records of the LLC under both the Operating Agreement and LLC Law § 1102, and therefore, the Court grants the third cause of action.

Accordingly, it is hereby

**ORDERED** that Count One of the Petition requesting judicial dissolution of Canada, LLC is DENIED; and it is further

**ORDERED** that Count Two of the Petition requesting a receiver or liquidator is DENIED; and it is further

**[Intentionally Left Blank]**

650791/2025  LIGNEL, JEAN vs. BUTLER, SUZANNE ET AL
Motion No.  001

Page 3 of 4

3 of 4

**ORDERED** that Count Three of the Petition granting Petitioner access to the books and records of Canada, LLC is GRANTED, providing that the request to inspect LLC records be "upon reasonable notice" pursuant to § VII (2) of the Operating Agreement.

The foregoing constitutes the Decision and Order of this Court, and the Clerk of the Court is directed to mark this proceeding as disposed.

20250515204621ARPATEL05G1212BDF2A476E8E8A88FE53DA14F6

_____
**May 15, 2025**
**DATE**

_____
**ANAR RATHOD PATEL, A.J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650791/2025   LIGNEL, JEAN vs. BUTLER, SUZANNE ET AL
Motion No.  001

Page 4 of 4

4 of 4