■ 3636 GREYSTONE OWNERS, INC., Appellant, v GREYSTONE BUILDING CO., Respondent. [857 NYS2d 121]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about September 18, 2007, which, to the extent appealed from as limited by the brief, dismissed as time-barred the action for a judgment declaring that plaintiff was the owner of certain garage spaces and for money damages, unanimously affirmed, with costs.

Contrary to its contention, plaintiff was not the beneficial owner of the garage spaces at the time that defendant leased the spaces to it, and the lease was not void ab initio. Thus, the court did not err in applying the statute of limitations to this action (*see Riverside Syndicate, Inc. v Munroe*, 10 NY3d 18, 24 [2008]). Title to the building containing the spaces was in defendant's name when the lease was executed. It had not been transferred to plaintiff. Nor had the cooperative offering plan been amended to include the garage spaces.

Pursuant to the offering plan, plaintiff had a claim to the garage spaces as a result of defendant's failure to obtain a ruling from the Division of Housing and Community Renewal that the spaces were not subject to rent stabilization. However, plaintiff did not timely pursue said claim. Plaintiff's failure to recognize that defendant had not applied for the ruling was a unilateral mistake born of its own lack of diligence in enforcing its rights under the offering plan (*see Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 369 [2007]).

The doctrine of equitable estoppel, which plaintiff invokes to bar defendant from pleading the statute of limitations as an affirmative defense, is inapplicable here since the alleged misrepresentation or act of concealment forms the basis of both plaintiff's estoppel argument and its underlying substantive cause of action (*see Kaufman v Cohen*, 307 AD2d 113, 122 [2003]). Further, since plaintiff had sufficient facts within the six-year limitation period to put it "on inquiry" as to the exis-

tence of its claim to the garage spaces, its negligence in failing to make the inquiry is "fatal to [its] plea of ignorance" (*Kingsland v Fuller*, 157 NY 507, 511 [1899]). Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.