Order, Supreme Court, New York County (Joan A. Madden, J), entered April 13, 2011, which, to the extent appealed from as limited by the briefs, denied defendants’ motion to dismiss the causes of action seeking judicial dissolution and appointment of a receiver, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs allegations that he has been systematically excluded from the operation and affairs of the company by defendants are insufficient to establish that it is no longer “reasonably practicable” for the company to carry on its business, as required for judicial dissolution under Limited Liability Company Law § 702. The allegations do not show that “the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or [that] continuing the entity is financially unfeasible” (see Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 131 [2d Dept 2010]; Schindler v Niche Media Holdings, 1 Misc 3d 713, 716 [Sup Ct, NY County 2003]). Indeed, the allegations show that the company has been able to carry on its business since the alleged expulsion of plaintiff in 2007; the allegation that defendants failed to pay plaintiff his share of the profits and award him distributions shows that the company is financially feasible.
In view of the foregoing, there is no occasion for the appoint *441 ment of a receiver (see Limited Liability Company Law § 703). We note that plaintiff admits that he can seek appointment of a temporary receiver under CPLR 6401 (a), given his remaining causes of action. Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.