■ The Najjar Group, LLC, a Florida Limited Liability Company, Derivatively on Behalf of BDC 56, LLC, a New York Limited Liability Company, Appellant, v West 56th Hotel LLC, Doing Business as Chambers Hotel, et al., Respondents. [974 NYS2d 58]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered on or about June 25, 2012, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff seeks to vindicate its personal rights under article VII of the operating agreement of BDC 56, LLC, which specified that if any surplus revenue remained, those funds would be available for distribution pro rata to the members, including plaintiff, in accordance with their equity interests in the limited liability company. Plaintiff is therefore unable to bring a derivative action because the interests at issue are personal to it, not corporate (belonging to BDC 56) (*see Yudell v Gilbert*, 99 AD3d 108, 114 [1st Dept 2012]).

Plaintiff also failed to allege that a pre-suit demand would have been futile. A shareholder may not institute a derivative

action unless the complaint "set[s] forth with particularity," the shareholder's efforts to secure the initiation of that action by the board of directors, or sets forth sufficient and particular reasons for not making such efforts (*see* Business Corporation Law § 626 [c]). A pre-suit demand is similarly required in a derivative action involving a limited liability company (*see Segal v Cooper*, 49 AD3d 467, 468 [1st Dept 2008]). Although plaintiff alleged that individual defendant Born controlled certain entities that owned and operated another hotel to which BDC 56 funds were allegedly diverted, and through these entities engaged in the alleged misconduct at issue, plaintiff failed to specify how the other individual defendants were involved. Thus, plaintiff failed to allege that the majority of the individuals controlling the managing member, defendant West 56th Hotel LLC, were interested in the challenged transaction.

We further observe that in addition to lacking standing to bring this derivative action, plaintiff's claims, including, inter alia, for breach of contract, breach of fiduciary duty and conversion, have been insufficiently pled. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ.