Order, Supreme Court, New York County (Lawrence K. Marks, J), entered December 18, 2012, which granted the motion of defendant Inner City Broadcasting Corporation (ICBC) to dismiss the complaint as against it pursuant to CPLR 3211 (a) (1) and (7) and 3016 (b), and directed the Clerk of the Court to enter judgment in ICBC’s favor, unanimously affirmed, without costs.
The motion court properly dismissed so much of the complaint as sought documents. Unlike fraud or breach of fiduciary duty, “seeking documents” is not a cause of action. To the extent plaintiffs pro se complaint, supplemented by his opposition to ICBC’s motion to dismiss, can be read to allege fraud, breach of fiduciary duty, and violation of Business Corporation Law § 713, those claims are derivative rather than direct. His argument that he adequately pled demand futility is unavailing. Demand is excused because of futility when a complaint alleges with particularity that “a majority of the hoard of directors is interested in the challenged transaction” (Marx v Akers, 88 NY2d 189, 200 [1996]), “the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances” (id.), or “the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors” (id. at 200-201). A corporation’s refusal to provide information to its shareholders is not on the above list of circumstances where demand is excused.
To the extent plaintiff seeks to bring claims for fraud or breach of fiduciary duty against ICBC, the claims are dismissed because they are pled in a conclusory manner.
Concur—Acosta, J.E, DeGrasse, Richter, Manzanet-Daniels and Feinman, JJ.