■ NICHOLAS J. BARONE, Appellant, v CHRISTOPHER K. SOWERS et al., Respondents, et al., Defendants. [10 NYS3d 22]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 19, 2014, which, inter alia, granted defendants Christopher K. Sowers and 899 Fulton, LLC's motion to dismiss the complaint, unanimously affirmed, without costs.

Supreme Court properly dismissed the complaint, since plaintiff failed to make a presuit demand or adequately allege that demand was excused (*see Wandel v Eisenberg*, 60 AD3d 77, 82 [1st Dept 2009]). Pursuant to Business Corporation Law § 626 (c), a plaintiff shareholder must "set forth in the complaint—with particularity—an attempt to secure the initiation of such action by the board or the reasons for not making such effort" (*Bansbach v Zinn*, 1 NY3d 1, 8 [2003] [internal quotation marks omitted]). Demand is excused due to futility when a complaint alleges with particularity that: (1) "a majority of the board of directors is interested in the challenged transaction"; or (2) "the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances"; or (3) "the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors" (*Marx v Akers*, 88 NY2d 189, 200-201 [1996]). The demand requirement of Business Corporation Law § 626 (c) also applies to members of New York limited liability companies (*see Najjar Group, LLC v West 56th Hotel LLC*, 110 AD3d 638, 639 [1st Dept 2013]).

The complaint alleges only that since Sowers owns 80% of the LLC, it would be futile for plaintiff to make a demand upon him to consent to the filing of an action on the LLC's behalf. However, this Court has made clear that Business Corporation Law § 626 (c) "does not differentiate between minority and majority shareholders for demand purposes" (*see Ocelot Capital Mgt., LLC v Hershkovitz*, 90 AD3d 464, 466 [1st Dept 2011]). We note that Sowers' alleged concealment of financial informa-

tion does not warrant a finding that demand was futile, since "[a] corporation's refusal to provide information to its shareholders is not on the . . . list of circumstances where demand is excused" (*Wyatt v Inner City Broadcasting Corp.*, 118 AD3d 517, 517 [1st Dept 2014]).

We further note that plaintiff was not entitled to dissolution of the LLC, pursuant to New York Limited Liability Company Law § 702, since the stated purpose and business of the LLC was to "acquire, improve, own, manage, sell, dispose of, and otherwise realize on the value of" the premises, and the allegations in the complaint do not show that Sowers is "unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or [that] continuing the entity is financially unfeasible" (*Doyle v Icon, LLC*, 103 AD3d 440, 440 [1st Dept 2013]; *Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121, 131 [2d Dept 2010]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.