■ TOWN OF HEMPSTEAD, Appellant, v AJM CAPITAL II, LLC, Respondent. (Action No. 1.) ROOSEVELT FIELD WATER DISTRICT, Appellant, v AJM CAPITAL II, LLC, Respondent. (Action No. 2.) [13 NYS3d 199]—

In two related actions, inter alia, for a judgment declaring certain tax liens invalid and unenforceable, (1) the plaintiff in action No. 1, the Town of Hempstead, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated July 22, 2013, as granted that branch of the motion of the defendant AJM Capital II, LLC, which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and (2) the plaintiff in action No. 2, the Roosevelt Field Water District, appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant AJM Capital II, LLC, which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motions of the defendant AJM Capital II, LLC, which were pursuant to CPLR 3211 (a) (5) to dismiss the complaints as time-barred are denied.

These appeals involve two tax liens that were assigned by the County of Nassau to the defendant AJM Capital II, LLC (hereinafter AJM). The first lien pertains to property located in Oceanside and owned by the Town of Hempstead. The second lien pertains to property located in Westbury and owned by the Roosevelt Field Water District (hereinafter the Water District), a department of the Town. The Town commenced an action against AJM (action No. 1) for, inter alia, a judgment declaring that the lien on the Oceanside property is void. The Water District commenced an action against AJM (action No. 2) for, inter alia, a judgment declaring that the lien on the Westbury property is void. AJM moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss both complaints as time-barred, and the Supreme Court granted that relief.

Contrary to the contention of the Town and Water District, even where a tax assessment is challenged as "void ab initio," the action is subject to the governing statute of limitations (see *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v*

*Town of Fallsburg*, 78 NY2d 194, 204-205 [1991]; *see also Matter of Adventist Home v Board of Assessors of Town of Livingston*, 83 NY2d 878, 880 [1994]; *Lancaster Towers Assoc. v Assessor of Town of Lancaster*, 259 AD2d 1001, 1002-1003 [1999]; *Suffolk Family Equity v County of Nassau*, 233 AD2d 436 [1996]).

Nevertheless, as the Town and Water District assert, and contrary to the Supreme Court's determination, the instant actions were timely commenced. An action for a declaratory judgment is generally governed by a six-year limitations period (*see* CPLR 213 [1]). Where a declaratory judgment action involves claims that are " 'open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action' " (*Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d at 205, quoting *Solnick v Whalen*, 49 NY2d 224, 229-230 [1980]). The instant action could not have been brought pursuant to CPLR article 78 (*see* CPLR 7803), or as any other form of proceeding for which a specific limitations period is provided. Therefore, the six-year limitations period is applicable (*see* CPLR 213 [1]; *Town of Huntington v County of Suffolk*, 79 AD3d 207, 216-217 [2010]; *Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1127-1128 [2009]).

Moreover, the subject actions did not accrue until AJM acquired the liens from the County (*see Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175 [1986]; *Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 150 AD2d 455, 457 [1989]), which occurred less than six years prior to the commencement of these actions.

The remaining contention of the Town and Water District is without merit.

AJM does not cross-appeal from so much of the order as denied those branches of its motions which sought a judgment declaring the liens valid. Accordingly, its contention that such relief should have been granted is not properly before this Court (*see Matter of Margary v Martinez*, 118 AD3d 1004, 1006 [2014]; *Matter of Quintanilla v Morales*, 110 AD3d 1081, 1082 [2013]). Further, AJM's contention regarding the liability of the Town and Water District for taxes assessed during "gap periods" was not raised in AJM's motions. Therefore, this contention is not properly before this Court (*see Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561, 562 [2007]; *Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]).

Accordingly, the Supreme Court should have denied those

branches of AJM's motions which were pursuant to CPLR 3211 (a) (5) to dismiss the complaints as time-barred. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.