In the Matter of NISSIM KASSAB, Appellant, v AVRAHAM KASAB, Respondent, et al., Defendants. [29 NYS3d 39]—

In a hybrid proceeding, inter alia, pursuant to Limited Liability Company Law § 702 for the judicial dissolution of a limited liability company, and action, among other things, for declaratory relief, the petitioner/plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated March 12, 2014, as granted those branches of the motion of the respondent/defendant Avraham Kasab which were pursuant to CPLR 3211 (a) to dismiss the second, third, and seventh causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1992, Nissim Kassab (hereinafter the petitioner), who was at that time the sole shareholder of Corner 160 Associates, Inc. (hereinafter Corner), entered into an option agreement with his brother, Avraham Kasab (hereinafter the respondent), permitting the respondent to purchase 75% of the shares of Corner for the sum of $25,000. In 2001, the petitioner and the respondent formed a limited liability company, Mall 92-30 Associates, LLC (hereinafter the LLC), in which the respondent had a 75% membership interest and the petitioner had a 25% membership interest. In 2002, the respondent exercised his option to purchase 75% of the shares of Corner.

In 2013, the petitioner commenced this hybrid proceeding, inter alia, pursuant to Limited Liability Company Law § 702 for the judicial dissolution of the LLC, and action, among other things, for a judgment declaring that the 1992 option agreement was void for lack of consideration. The petitioner alleged, inter alia, that the LLC should be dissolved based on oppressive conduct by the respondent, who was trying to "remove [him] from [the] management of [the LLC]," or, in the alternative, that the petitioner should be permitted to withdraw from the LLC pursuant to Limited Liability Company Law § 606 (a) and recover the "fair value" of his membership interest in the LLC. Thereafter, the respondent moved, among other things, pursuant to CPLR 3211 (a) to dismiss the second cause of action, which sought the judicial dissolution of the LLC, and the third cause of action, which was for the petitioner's withdrawal from the LLC, for failure to state a cause of action. The respondent also sought dismissal of the seventh cause of action, which was for a judgment declaring that the option agreement was void, on the ground that the cause of action was time-barred.

In an order dated March 12, 2014, the Supreme Court, inter alia, granted those branches of the respondent's motion. The petitioner appeals.

In deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Rosner v Amazon.com*, 132 AD3d 835, 836 [2015]).

Here, accepting as true the facts alleged in the petition/complaint and according the petitioner the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d at 87), the petitioner failed to state a cause of action for judicial dissolution of the LLC pursuant to Limited Liability Company Law § 702 based on his allegations of oppressive conduct and the respondent's efforts to exclude him from the management of the LLC (*see Doyle v Icon, LLC*, 103 AD3d 440 [2013]). The petitioner's allegations, if true, would not establish that "the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or [that] continuing the entity is financially unfeasible" (*Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121, 131 [2010]; *see Barone v Sowers*, 128 AD3d 484 [2015]; *Doyle v Icon, LLC*, 103 AD3d 440 [2013]). The petitioner's allegations concerning the operating agreement, if true, establish that the stated purpose of the LLC did not include the petitioner's participation in management decisions (*see Matter of Eight of Swords, LLC*, 96 AD3d 839, 840 [2012]). Further, the petitioner's allegations that the respondent failed to pay him his share of income earned by the LLC, and regarding the value of the property owned by the LLC, if true, would show that the LLC was financially feasible (*see Doyle v Icon, LLC*, 103 AD3d 440 [2013]). Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was to dismiss the second cause of action, which sought the judicial dissolution of the LLC, for failure to state a cause of action.

Additionally, the Supreme Court properly directed the dismissal of the third cause of action since the petitioner failed to state a cause of action for withdrawal from the LLC pursuant to Limited Liability Company Law § 606 (a). That statute prohibits the withdrawal of a member prior to dissolution of the LLC unless the operating agreement expressly provides otherwise, and the petitioner's allegations concerning the

subject operating agreement, if true, would establish only that withdrawal of a member was permitted "in accordance with the [Limited Liability Company Law]."

Furthermore, the Supreme Court properly determined that the seventh cause of action, which sought declaratory relief, was time-barred. "An action for a declaratory judgment is generally governed by a six-year limitations period" (*Town of Hempstead v AJM Capital II, LLC*, 130 AD3d 607, 608 [2015]; *see* CPLR 213 [1]). Contrary to the petitioner's contention, the court properly applied a six-year statute of limitations to the seventh cause of action (*see 3636 Greystone Owners, Inc. v Greystone Bldg. Co.*, 51 AD3d 461 [2008]; *cf. Riverside Syndicate, Inc. v Munroe*, 10 NY3d 18 [2008]), which was for a judgment declaring that the 1992 option agreement concerning Corner was void. Since the respondent exercised his option to purchase 75% of the shares of Corner in 2002, more than six years prior to commencement of this hybrid proceeding and action, the seventh cause of action is time-barred.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted those branches of the respondent's motion which were pursuant to CPLR 3211 (a) to dismiss the second, third, and seventh causes of action. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.