Matter of Kassab v Kasab (2021 NY Slip Op 03836)





Matter of Kassab v Kasab


2021 NY Slip Op 03836


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-09029
 (Index No. 716193/17)

[*1]In the Matter of Nissim Kassab, etc., appellant,
v
Avraham Kasab, respondent.


Schlam Stone & Dolan LLP, New York, NY (Richard H. Dolan, Jonathan Mazer, and Vitali S. Rosenfeld of counsel), for appellant.
Kasowitz Benson Torres LLP, New York, NY (Jennifer S. Recine of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to Limited Liability Company Law § 702 for the judicial dissolution of a limited liability company, and an action, among other things, to recover damages for breach of contract, the petitioner/plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 26, 2018. The order, insofar as appealed from, granted that branch of the motion of Avraham Kasab which was pursuant to CPLR 3211(a) to dismiss the cause of action seeking judicial dissolution of the limited liability company.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Many of the underlying facts are set forth in this Court's decision and order on related appeals (Matter of Kassab v Kasab, ___ AD3d ___ [Appellate Division Docket No. 2017-09274; decided herewith]). Briefly, Avraham Kasab (hereinafter Avraham) and Nissim Kassab (hereinafter Nissim), held 75% and 25% interests, respectively, in Corner 160 Associates, Inc. (hereinafter Corner), and Mall 92-30 Associates, LLC (hereinafter Mall LLC). Following the dismissal, in a prior proceeding, of his cause of action for judicial dissolution of Mall LLC (see Matter of Kassab v Kasab, 137 AD3d 1135, 1137), Nissim commenced this hybrid proceeding for judicial dissolution of Mall LLC and action for separate relief, based on the Supreme Court's dissolution of Corner, and the underlying findings, in the prior proceeding (Matter of Kassab v Kasab, ___ AD3d ___ [Appellate Division Docket No. 2017-09274; decided herewith]).
Avraham moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the petition/complaint based on res judicata, collateral estoppel, and failure to state a cause of action. In an order entered June 26, 2018, the Supreme Court, among other things, granted that branch of Avraham's motion which was to dismiss the cause of action seeking judicial dissolution of Mall LLC. Nissim appeals.
Pursuant to Limited Liability Company Law § 702, the court may decree dissolution of an LLC "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." One must establish that "'the management of the [*2]entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or [that] continuing the entity is financially unfeasible'" (Matter of Kassab v Kasab, 137 AD3d at 1137, quoting Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 131).
In the prior proceeding, this Court determined that the allegations of oppressive conduct and efforts to exclude Nissim from the management of Mall LLC failed to state a cause of action for judicial dissolution of Mall LLC, since "the stated purpose of the LLC did not include the petitioner's participation in management decisions" (Matter of Kassab v Kasab, 137 AD3d at 1137). To the extent Nissim's current allegations predated the prior petition, they were barred by res judicata and collateral estoppel (see Valiotis v Bekas, 145 AD3d 707, 708). Further, the Supreme Court properly determined that, based on allegations postdating the prior petition, the instant petition failed to state a cause of action for judicial dissolution of Mall LLC. Neither the parties' disagreements, nor the dissolution of Corner, made it reasonably impracticable for Mall LLC to operate in conformity with the operating agreement, as Mall LLC continued to be a viable real estate holding company (see Matter of 1545 Ocean Ave., LLC, 72 AD3d at 129).
Moreover, dissolution could not properly be based upon the findings of oppressive conduct and diversion of corporate assets underlying the dissolution of Corner, regardless of the fact that the parties operated the businesses in many ways as a single entity. Limited Liability Company Law § 702 provides the sole basis for judicial dissolution of a limited liability company, and includes a "more stringent" standard than that for dissolution of a corporation (Matter of Horning v Horning Constr., LLC, 12 Misc 3d 402, 413 [Sup Ct, Monroe County]; see Matter of 1545 Ocean Ave., LLC, 72 AD3d at 126). As a consequence, "it would be inappropriate for this Court to import dissolution grounds from the Business Corporation Law or Partnership Law to the Limited Liability Company Law" (Matter of 1545 Ocean Ave., LLC, 72 AD3d at 126), and the "reasonably practicable" standard of the Limited Liability Company Law "is not to be confused with the standard for the judicial dissolution of corporations or partnerships" (id. at 127; see Widewaters Herkimer Co., LLC v Aiello, 28 AD3d 1107, 1108).
Accordingly, the Supreme Court properly granted that branch of Avraham's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action seeking judicial dissolution of Mall LLC (see Matter of Kassab v Kasab, 137 AD3d at 1137; Matter of 1545 Ocean Ave., LLC, 72 AD3d at 126).
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court