Matter of Chef Tang LLC v Orchard Hospitality Corp. (2024 NY Slip Op 04738)

Matter of Chef Tang LLC v Orchard Hospitality Corp.

2024 NY Slip Op 04738

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 650501/24 Appeal No. 2662 Case No. 2024-01712 

[*1]In the Matter of Chef Tang LLC, Petitioner-Respondent,
v
Orchard Hospitality Corp., Respondent-Appellant.

Lundin PLLC, New York (Niall D. Ó Murchadha of counsel), for appellant.
Wilson & Chan, LLP, New York (Jeffrey L. Wilson of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 6, 2024, which granted the petition for dissolution, awarded certain injunctive relief, and denied respondent's cross-motion to dismiss the petition, unanimously modified, on the law, to deny the petition, vacate the injunctive relief, and remand for a hearing on the purpose of the company and Chen Lieh Tang's (Chef Tang) performance or breach of his obligations under the operating agreement, and otherwise affirmed, without costs.
While special proceedings of this type should be resolved on the papers and admissions where possible, when there are disputed issues of fact, a hearing is necessary (see CPLR 409[b]; Widewaters Herkimer Co., LLC v Aiello, 28 AD3d 1107, 1108 [4th Dept 2006]). Here, there are issues of fact as to whether "the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved," warranting dissolution (see Doyle v Icon, LLC, 103 AD3d 440, 440 [1st Dept 2013] [internal quotation marks omitted]). The company's operating agreement is ambiguous as to whether the purpose of the company is to operate a noodle restaurant generally, or one branded and under the culinary supervision of Chef Tang, the principal of petitioner. Further, there are disputed issues of fact as to whether Tang caused the alleged failure of the LLC by his own action or inaction (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 42 [1st Dept 2020]).
The financial issues raised by petitioner are insufficient as a matter of law to justify dissolution (see Doyle v Icon, LLC, 103 AD3d at 440). While there is some dispute as to whether certain taxes or bills were paid, the restaurant has been in continuous operation, with a staff of 15, for over a year. There is insufficient evidence, or even allegations, that the restaurant is financially infeasible.
It is unclear whether the injunctive relief issued by the court was meant to be a preliminary or permanent injunction. If the former, it must be vacated because petitioner failed to show a likelihood of success on the merits, as opposed to issues of fact; if the latter, it must be vacated since the matter is remanded for a hearing on the ultimate merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024