■ TRANSAMERICA COMMERCIAL FINANCE CORPORATION, Formerly Known as BORG WARNER ACCEPTANCE CORPORATION, Respondent, v ROY A. MATTHEWS OF SCOTIA, INC., et al., Appellants. [603 NYS2d 220] —Casey, J. Appeal from an order of the Supreme Court (Doran, J.), entered August 19, 1992 in Schenectady County, which granted plaintiff's motion to dismiss the counterclaims in defendants' answer.

This action arises out of plaintiff's attempts to protect its rights under certain security agreements executed by defendants to obtain financing for the purchase of appliances and other goods to be sold at retail from locations in Schenectady and Saratoga Counties. The matter was previously before this Court on defendants' appeals from two orders which, *inter alia*, granted plaintiff's motion for an order of seizure of certain collateral in defendants' possession, from an order which partially granted plaintiff's motion for summary judgment, and from the judgment entered thereon (178 AD2d 691). The appeals from the two orders involving the seizure were deemed to have been abandoned by defendants *(supra*, at 692, n 1), and we held that there were issues of fact related to the merits of plaintiff's causes of action against defendants which precluded an award of summary judgment in plaintiff's favor *(supra*, at 692-695). The order granting partial summary judgment to plaintiff and the judgment entered thereon were reversed and plaintiff's motion was denied. Plaintiff subsequently moved to dismiss the two counterclaims pleaded in defendants' answer and Supreme Court granted the motion, resulting in this appeal by defendants.

Defendants contend that this Court's prior decision and order constitute the law of the case on the issue of whether

the counterclaims should be dismissed. We disagree. Under the doctrine of law of the case, issues previously decided by this Court when the matter was previously before us are not again reviewable *(see, Matter of Acres Stor. Co. v Chu,* 144 AD2d 758, 759, *appeal dismissed* 73 NY2d 914), but the doctrine does not apply when the issue was not actually resolved on the merits in the prior decision *(see, Locilento v Coleman Catholic High School,* 134 AD2d 39, 43). The validity of defendants' counterclaims was neither considered nor resolved by this Court's decision in the prior appeal.

In view of defendants' abandonment of their prior appeals from the two orders involving the seizure, the first counterclaim in defendants' answer, which concerns the propriety of plaintiff's use of the seizure remedy, is meritless. There is also no merit in defendants' second counterclaim, which asserts that plaintiff's conduct in commencing this action against defendant Roy A. Matthews is "tantamount to an abuse of process". The allegations of the second counterclaim fail to state an abuse of process cause of action *(see, Curiano v Suozzi,* 63 NY2d 113, 116-117). Supreme Court's order dismissing the counterclaims should therefore be affirmed.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.