■ NATIONAL MORTGAGE CONSULTANTS, Respondent, v GUNTHER U. ELIZAITIS et al., Appellants, et al., Defendants. [804 NYS2d 799]—

In an action to foreclose a mortgage, the defendants Gunther U. Elizaitis and Linda M. Elizaitis appeal from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 17, 2004, which, inter alia, sua sponte, vacated so much of a prior order of the same court (Kitson, J.), dated January 8, 1997, as determined that the plaintiff lacked standing, granted the plaintiff's motion for summary judgment to the extent of dismissing the first three affirmative defenses, and denied their cross motion for summary judgment dismissing the complaint.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order which, sua sponte, vacated so much of the prior order dated January 8, 1997, as determined that the plaintiff lacked standing is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in entertaining the plaintiff's second summary judgment motion (*see Forte v Weiner*, 214 AD2d 397, 398 [1995]) and reviewing a prior order of the same court despite the doctrine of the law of the case. Indeed, a court may review a previously-decided matter where there is a need to correct clear error (*see Welch Foods v Wilson*, 262 AD2d 949 [1999]; *Foley v Roche*, 86 AD2d 887 [1982]). Here, the Supreme Court properly reviewed the prior order which incorrectly determined that the plaintiff lacked standing.

Under the circumstances, the Supreme Court properly determined that the plaintiff was the owner of the mortgage in question at the time it commenced the instant action, and accordingly, correctly determined that the plaintiff had standing to maintain the action (*see Federal Natl. Mtge. Assn. v Youkelsone*, 303 AD2d 546 [2003]). As such, the Supreme Court properly granted the plaintiff's motion for summary judgment to the extent of dismissing certain affirmative defenses, including, inter alia, that the plaintiff did not hold title to the mortgage, and properly denied the appellants' cross motion for summary judgment dismissing the complaint.

The appellants' remaining contentions are without merit. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur. [*See* 3 Misc 3d 1109(A), 2004 NY Slip Op 50525(U) (2004).]