■ In the Matter of JOSHUA KIESS, Respondent, v RAYMOND KELLY et al., Appellants. [989 NYS2d 27]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered October 15, 2012, granting the petition to annul respondents' determination, dated May 11, 2011, which denied petitioner accident disability retirement pension benefits, to the extent of remanding the matter to the Medical Board for further processing, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed.

Petitioner resigned from the New York City Police Department on January 30, 2008. Since there is no evidence that any of the municipal respondents acted in bad faith with respect to petitioner's separation from city service (*see Matter of Bellman v McGuire*, 140 AD2d 262, 266 [1st Dept 1988]), the Board of Trustees was "required by law" to deny his application for accidental disability retirement benefits (*Matter of Sheridan v Ward*, 125 AD2d 274, 275 [1st Dept 1986], *lv denied* 69 NY2d 609 [1987]; *see* Administrative Code of City of NY §§ 13-215, 13-252).

Although respondents could have, but failed to, raise the is-

sue of petitioner's separation from city service during a prior appeal to this Court (*see* 75 AD3d 416 [1st Dept 2010] [*Kiess I*]), the doctrine of res judicata does not preclude them from doing so now, as there has never been a final adjudication on the merits to support application of that doctrine (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]). Nor are respondents precluded from raising the issue by the doctrines of collateral estoppel and law of the case. *Kiess I* was decided solely on the ground of the Medical Board's failure to adequately review petitioner's application. In that prior appeal, no party made an argument based on the effect of petitioner's separation of service, and this Court did not pass on or decide that issue (*see GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 [1985]; *cf. Scofield v Trustees of Union Coll.*, 288 AD2d 807, 808 [3d Dept 2001]).

Even assuming that the elements of equitable estoppel are met here, there is no basis for estopping the municipal respondents from denying petitioner's application, which they are statutorily mandated to do (*see Walter v City of New York Police Dept.*, 256 AD2d 8, 9 [1st Dept 1998]). Concur—Acosta, J.P., Andrias, Saxe, Freedman and Feinman, JJ. ■