■ Maureen Webb, Appellant-Respondent, v Greater New York Automobile Dealers Association, Inc., Respondent-Appellant. [43 NYS3d 91]—

In an action, inter alia, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296 and breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), entered May 8, 2015, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) to dismiss the first through fourth causes of action in the amended complaint, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was for an award of costs and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 2008, the plaintiff filed a summons with notice commencing an action against the defendant, her former employer, seeking to recover damages for sexual harassment and fraud (hereinafter the 2008 action). Eventually, the action was dismissed on the grounds that the plaintiff failed to serve the summons within the time required by CPLR 306-b and her attorney failed to maintain an office within the state in violation of Judiciary Law § 470 at the time she filed the summons commencing the action on her client's behalf (see Webb v Greater N.Y. Auto. Dealers Assn., Inc., 93 AD3d 561 [2012]).

In 2012, the plaintiff commenced a second action asserting the same sexual harassment causes of action that she asserted in the 2008 action, as well as a cause of action alleging breach of contract, wherein she sought to recover allegedly agreed-to compensation for her final two days of work (hereinafter the 2012 action). In an order entered April 23, 2013, the Supreme Court granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint, finding that the plaintiff's sexual harassment causes of action were time-barred. In a decision and order dated December 31, 2014, this Court affirmed the dismissal of the plaintiff's sexual harassment causes of action based on the statute of limitations, and reinstated the breach

of contract cause of action (*see Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 123 AD3d 1111 [2014]).

Meanwhile, on April 27, 2013, the plaintiff commenced a third action based on the same series of events, asserting, in her amended complaint, causes of action alleging breach of contract based on her alleged constructive discharge, promissory estoppel, and fraud (hereinafter the 2013 action). In an order entered July 21, 2014, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint based on the doctrine of res judicata (*see Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 144 AD3d 1134 [2016] [decided herewith]).

Following this Court's December 31, 2014, decision and order reinstating the plaintiff's breach of contract cause of action in the 2012 action, on January 16, 2015, the plaintiff served an amended complaint in the 2012 action, adding, as the first through fourth causes of action, causes of action identical to those contained in the amended complaint in the 2013 action. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first through fourth causes of action in the amended complaint and for an award of costs and sanctions against the plaintiff and/or her attorney pursuant to 22 NYCRR 130-1.1. In the order appealed from, the Supreme Court granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first through fourth causes of action, finding that the first, third, and fourth causes of action were barred by the doctrine of res judicata, and that the plaintiff failed to state a cause of action with respect to the second cause of action. The court denied that branch of the defendant's motion which was for an award of costs and sanctions. The plaintiff appeals from so much of the order as directed the dismissal of the first through fourth causes of action. The defendant cross-appeals from so much of the order as declined to award costs and sanctions, and, additionally, requests the imposition of costs and sanctions against the plaintiff and/or her attorney for prosecuting this appeal.

The Supreme Court properly directed the dismissal of the second cause of action, which alleged breach of contract based on the plaintiff's alleged constructive discharge, as, according to the amended complaint, the plaintiff was an employee at will (*see Smalley v Dreyfus Corp.*, 10 NY3d 55, 58 [2008]; *Hefter v Elderserve Health, Inc.*, 134 AD3d 673, 674 [2015]; *Minovici v Belkin BV*, 109 AD3d 520, 522-523 [2013]; *Braddock v Brad-*

*dock*, 60 AD3d 84, 96 [2009]). Contrary to the plaintiff's contention, her allegation that the parties impliedly modified the terms of her employment status so as to restrict the defendant's ability to terminate her was insufficient, as any such restriction must be express (*see Smalley v Dreyfus Corp.*, 10 NY3d at 58; *Sabetay v Sterling Drug*, 69 NY2d 329, 336 [1987]; *Miller v Huntington Hosp.*, 15 AD3d 548, 549 [2005]; *Chazen v Person / Wolisky, Inc.*, 309 AD2d 889, 890 [2003]).

The Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first, third, and fourth causes of action in the amended complaint based on the doctrine of res judicata. Contrary to the defendant's contention, the dismissal of the plaintiff's sexual harassment causes of action in the original complaint in this action was not a basis for applying the doctrine (*see People v Evans*, 94 NY2d 499, 502 [2000]; Siegel, NY Prac § 448 at 781 [5th ed 2011]). Moreover, the dismissal of those causes of action in the 2008 action, which was based on the plaintiff's failure to make service within the time required by CPLR 306-b and her attorney's violation of Judiciary Law § 470, was not a determination on the merits (*see* CPLR 306-b; *Kinder Morgan Energy Partners, LP v Ace Am. Ins. Co.*, 51 AD3d 580 [2008]). As the defendant points out, on the prior appeal in this action, we stated that the Supreme Court properly granted dismissal of the plaintiff's sexual harassment causes of action, noting that the dismissal was "based on the doctrine of res judicata" (*Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 123 AD3d at 1112). However, contrary to the defendant's contention, our statement in this regard was not a determination that the dismissal of the complaint in the 2008 action was on the merits for res judicata purposes, in light of our holding that the subject causes of action were properly dismissed as time-barred (*see id.*). As such, the doctrine of the law of the case does not render the reference to res judicata binding on us in the present appeal (*see Matter of Kiess v Kelly*, 118 AD3d 595, 596 [2014]; *Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co.*, 112 AD3d 171, 177-178 [2013]; *Ramanathan v Aharon*, 109 AD3d 529, 530-531 [2013]; *Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717, 718 [2012]; *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 198 AD2d 569, 570 [1993]; *see also National Mtge. Consultants v Elizaitis*, 23 AD3d 630 [2005]).

However, we affirm the dismissal of the first, third, and fourth causes of action on the alternative ground of CPLR 3211 (a) (7). The plaintiff failed to state a cause of action for fraud or promissory fraud (first and third causes of action), as she

merely alleged that the defendant entered into a contract with her concerning the terms and conditions of her employment lacking the intent to perform (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC*, 136 AD3d 680, 684 [2016]; *Renaissance Equity Holdings, LLC v Al-An El. Maintenance Corp.*, 121 AD3d 661, 664 [2014]; *McMorrow v Angelopoulos*, 113 AD3d 736, 738-739 [2014]) and, in any event, given her status as an at-will employee, she could not reasonably rely on the defendant's alleged misrepresentations (*see Sweeny v Millbrook Cent. Sch. Dist.*, 130 AD3d 1011, 1012 [2015]; *Guido v Orange Regional Med. Ctr.*, 102 AD3d 828, 831 [2013]; *Epifani v Johnson*, 65 AD3d 224, 240 [2009]; *Meyercord v Curry*, 38 AD3d 315, 316 [2007]).

Likewise, the plaintiff's allegations were insufficient to state a cause of action for promissory estoppel (third cause of action), as they showed that she was an at-will employee and could not reasonably rely on the defendant's alleged promise (*see Sweeny v Millbrook Cent. Sch. Dist.*, 130 AD3d at 1012; *Guido v Orange Regional Med. Ctr.*, 102 AD3d at 831; *Epifani v Johnson*, 65 AD3d at 240; *Meyercord v Curry*, 38 AD3d at 316; *Arias v Women in Need*, 274 AD2d 353 [2000]), and failed to allege "unconscionable injury" resulting from its breach (*Halliwell v Gordon*, 61 AD3d 932, 934 [2009]).

The plaintiff's allegations in support of her fourth cause of action, which seeks damages for breach of contract based on her constructive discharge on the theory that the doctrine of equitable estoppel bars the defendant from asserting that she was an at-will employee, are also insufficient. "Courts will not infer a contractual limitation on the employer's right to terminate an at-will employment absent an express agreement to that effect which is relied upon by the employee" (*Miller v Huntington Hosp.*, 15 AD3d at 549; *see Chazen v Person / Wolisky, Inc.*, 309 AD2d at 890), and the Court of Appeals has "repeatedly refused to recognize exceptions to, or pathways around, these principles" (*Smalley v Dreyfus Corp.*, 10 NY3d at 58). Here, the plaintiff does not allege that she relied upon any such express agreement by the defendant (*cf. Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465-466 [1982]).

The Supreme Court did not improvidently exercise its discretion in declining to impose costs and sanctions on the plaintiff and/or her attorney (*see* 22 NYCRR 130-1.1). We decline the defendant's request that we do so based on the plaintiff's conduct in prosecuting this appeal. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.