MAUREEN WEBB, Appellant-Respondent, v GREATER NEW YORK AUTOMOBILE DEALERS ASSOCIATION, INC., Respondent-Appellant. [42 NYS3d 324]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered July 21, 2014, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was for an award of costs and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the defendant is directed to file an original and four copies of an affirmation or affidavit as to the amounts of reasonable attorney's fees and expenses it incurred in defending against the plaintiff's appeal with the Clerk of this Court and to serve one copy of the same on the plaintiff on or before December 30, 2016.

In April 2013, the plaintiff commenced this action, inter alia, to recover damages for fraud. The relevant facts and procedural background as to this action and related actions commenced in 2008 and 2012 are set forth in this Court's decision and order on the companion appeal (see Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1136 [2016] [decided herewith]).

The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint based on the doctrine of res judicata. "The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Matter of Josey v Goord, 9 NY3d 386, 389 [2007] [internal quotation marks omitted]). "The rule applies

not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]). "[U]nder New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*id.* at 269 [internal quotation marks omitted]; *see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Here, the plaintiff's claims in the amended complaint in this action commenced in 2013 arose out of the same set of operative facts as claims she asserted in the 2012 action, which were dismissed on the ground that they were barred by the applicable statute of limitations (*see Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 123 AD3d 1111, 1112 [2014]), and could have been raised in that prior action. Contrary to the plaintiff's contention, a dismissal on the ground of the statute of limitations is considered to be on the merits for res judicata purposes (*see Smith v Russell Sage Coll.*, 54 NY2d 185, 194 [1981]; *Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 260 [2012]; *Nostrom v County of Suffolk*, 100 AD3d 974, 975 [2012]; *Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1007 [2012]; *Sosa v JP Morgan Chase Bank*, 33 AD3d 609, 611 [2006]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was for the imposition of costs and sanctions pursuant to 22 NYCRR 130-1.1. However, we agree with the defendant that the plaintiff has engaged in frivolous conduct within the meaning of that rule in continuing to prosecute this appeal after she amended her complaint in the 2012 action to assert the identical set of claims contained in her amended complaint in this action. As the Supreme Court's dismissal of the amended complaint in the instant action was based on the doctrine of res judicata, which has no application in the 2012 action (*see Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 144 AD3d 1136 [2016] [decided herewith]), there was no basis in law or fact for the plaintiff to continue to pursue the instant appeal (*see* 22 NYCRR 130-1.1 [c]). As such, we find that the plaintiff and/or her attorney should compensate the defendant for costs in the form of reimbursement for reasonable attorney's fees and expenses it incurred in defending against her appeal (*see* 22 NYCRR 130-1.1 [a]). Accordingly, the defendant is directed to submit an affirmation or affidavit as to the amount of such fees and expenses.

In light of our determination, the parties' remaining conten-

tions need not be reached. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.