In the Matter of the Application of Nissim Kassab, individually and as a member of Mall 92-30 Associates LLC and as a shareholder of Corner 160 Associates, Inc., Petitioner, For An Order Dissolving Mall 92-30 Associates LLC Pursuant to N.Y. LLC Law § 702 and other relief

against
Avraham Kasab, Respondent.


716193/17

For Petitioner : Vitali S. Rosenberg/Jonathan Mazur
Schlang Stone & Dolan LLP
For Respondent: John M. Brickman
McLaughlin & Stern LLP


Timothy J. Dufficy, J.

The following papers read on this hybrid special proceeding and action by Nissim Kassab for a judgment (1) dissolving Mall 92-30 Associates LLC (Mall), pursuant to Limited Liability Company Law § 702; (2) damages from Avraham Kasab for an alleged breach of Mall's operating agreement dated March 13, 2001, and an alleged breach of a separate agreement dated August 27, 2012; (3) an accounting of Mall and Corner 160 Associates Inc. (Corner), based upon an alleged breach of fiduciary duty and an award of punitive damages; (4) the imposition of constructive trust on funds held by Avraham and an award of punitive damages; (5) a derivative claim against Avraham on behalf of Mall and Corner for breach of fiduciary duty and an award of punitive damages, as well as attorney's fees pursuant to BCL § 626(e); (6) a derivative claim against Avraham on behalf of Mall and Corner for unjust enrichment and an award of compensatory and punitive damages, as well as attorney's fees pursuant to BCL § 626(e); and (7) [*2]a derivative claim against Avraham on behalf of Mall and Corner for the imposition of a constructive trust and an award of punitive damages, as well as attorney's fees pursuant to BCL § 626(e). Respondent Avraham Kasab separately moves to dismiss the petition on the grounds of res judicata and collateral estoppel, and the failure to state a cause of action.PAPERS
NUMBERED
Notice of Verified Petition-Petition-Exhibits EF 1-13,28
Notice of Motion-Aff.-Exhibits-Memorandum of Law EF 29-39
Opposing Memorandum of Law EF 40
Reply Memorandum of Law EF 41 
Upon the foregoing papers, the petition and motion were transferred to Part 35 on February 5, 2018, and are consolidated for the purposes of a single decision and order and are determined as follows:
Background
Petitioner Nissim Kassab and respondent Avraham Kasab are brothers. Nissim Kassab has a 25% ownership interest in Mall and a 25% membership interest in Corner. Avraham Kasab has a 75% interest in each entity. Corner owns two adjoining parcels of real property known as Block 10101, Lots 79 and 150, and Mall owns another adjoining parcel of real property known as Block 10101, Lot 24. These three properties are located in Jamaica, New York. Corner acquired Lot 79 in 1992 and Lot 150 in 1994. Mall acquired Lot 24 in 2001. Lot 150 has continuously been operated as a parking lot. In 2011, the buildings on Lots 24 and 79 were demolished, and a commercial parking lot was operated on all three lots five days a week and an outdoor flea market operated on all three lots on weekends during certain months.
On July 29, 2013, Nissim commenced a hybrid special proceeding and action against Avraham, under Index Number 14428 2013, and sought the judicial dissolution of Corner, pursuant to BCL §1104-a, and the appointment of a receiver; the dissolution of Mall pursuant to Limited Liability Company Law § 702 and the appointment of a receiver; to withdraw from Mall, pursuant to Limited Liability Company Law § 606, and to recover distributions due to him at the time of the withdrawal and the fair value of is membership interest; the appointment of a receiver pursuant to BCL §1202 (a)(1); to recover compensatory and punitive damages for breach of fiduciary duty; to recover damages for breach of contract; and declaratory judgment. 
Avraham, in a pre-answer motion sought an order dismissing the special proceeding and action. The Hon. Orin Kitzes, in an order dated March 12, 2014, dismissed the second cause of action for the judicial dissolution of Mall, as the allegations were insufficient to establish a claim pursuant to Limited Liability Company Law §702; dismissed the third cause of action to withdraw as a member of Mall, as the operating agreement did not permit withdrawal; and dismissed the fifth cause of action for breach of fiduciary duty, and the seventh cause of action for declaratory judgment, as they were barred by the Statute of Limitations. The court also denied Nissim's request for an appointment of receiver, as well as Avraham's request to dismiss the first cause of action for judicial dissolution of Corner pursuant to Business Corporation Law 1104-a, and to dismiss the sixth cause of action for breach of contract (see Kasab v Kassab, 2014 WL 11498024 [Sup Ct, Queens County 2014]).
On April 2, 2014, Nissim filed a verified amended petition, in the 2013 hybrid proceeding and action, in which he alleged the same causes of action that were in the original petition, including those causes of action that had been dismissed, and added an eighth cause of action for a buyout of his interest in Mall, a ninth cause of action for the rescission of the Operating Agreement and a tenth cause of action for the removal of Avraham from the management of Mall and Corner. Nissim thereafter moved for leave to renew or modify the order of March 12, 2014, and for leave to add the new causes of action. Avraham separately moved to dismiss the second, third, fifth, sixth, seventh, eighth, ninth and tenth causes of action. Justice Kitzes, in an order dated February 10, 2015, denied Nissim's motion for leave to renew or modify the court's prior order and to add causes the eighth, ninth causes and tenth causes of action, and granted Abraham's motion to dismiss the second, third, fifth, sixth, seventh, eighth, ninth and tenth causes of action (see Kassab v Kasab, 2015 WL 11090346 [Sup Ct, Queens County, 2015]). Justice Kitzes' orders of March 12, 2014 and February 10, 2015 were affirmed by the Appellate Division (see Matter of Kassab v Kasab, 137 AD3d 1135 [2d Dept 2016], and Matter of Kassab v Kasab, 137 AD3d 1138 [2d Dept 2016]).
Avraham had commenced a separate action to recover on certain promissory notes against Nissim in Nassau County, that was transferred to Queens County, and was assigned Index Number 4811 2015. Said action was to be jointly tried with the action commenced by Nissim under Index Number 14428 2013. The parties thereafter consented to e-filing for both actions, and Nissim's hybrid proceeding and action was assigned Index Number 711061 2015, while Avraham's action on the promissory notes was assigned Index Number 711073 2015.
A joint bench trial was held in this Part on Nissim's remaining claims for the dissolution of Corner and for breach of contract, as well as Avraham's action to recover on the promissory notes. This Court, in its bench trial order, judgment and declaration dated and filed on August 3, 2017, found that as regards the direct claims for breach of fiduciary duties, "that the preponderance of the evidence established that Avraham had control over the corporation's decision-making process, and excluded Kissim [sic] from that process after he learned that Kissim [sic] was misappropriating the corporation's gross receipts for his own use. The latter cannot constitute the basis for a breach of fiduciary duty, since it was occasioned by Kissim's [sic] own misconduct. However, Avraham under-reported the amount of cars that were being parked in the parking lot, and thereby breached his fiduciary duty to Nissim as a shareholder to faithfully record the proceeds of the parking-lot business." As both Nissim and Avraham apparently diverted significant sums of unreported cash from the corporation, this court declined to award any damages for this claim. This Court found that dissolution of Corner under both the common law and BCL §1104-a was appropriate, however, prior to dissolution gave Avraham 90 days from the entry of judgment the right to exercise his option to buy his brother's shares in Corner and also gave him an opportunity to purchase Nissim's interest in Mall, in the amounts stated in said judgment. In the event that Avraham declined to do so, Corner would be dissolved and the proceeds would be distributed to each party in accordance with this court's order and judgment. 
With respect to the derivative action for breach of fiduciary duty, this Court found that there were no cognizable damages owed to the corporation, as a mutual breach of fiduciary duty by both brothers; that the amount of funds misappropriated by Nissim was incorporated into a [*3]$355,000.00 loan agreement, intended to pay back Avraham for his share of the shortfall; that there was insufficient proof of the amount of shortfall caused by Avraham's under reporting of the number of vehicles parked in the parking lot and the proceeds of the flea market; and that the parties reached an agreement that the sum of $121,000.00 taken by Nissim from gross receipts would be paid through one of two loans made to Nissim and payable directly to Abraham.
This Court further found that the promissory notes were enforceable, and that Avraham was entitled judgment on said notes for the principal amounts due, plus interest in the amount of 4.35% and 0%, respectively, and plus attorney's fees of $25,000.00. With respect to Abraham's first counterclaim for breach of fiduciary duty, this Court determined that both parties had breached their reciprocal duties to one other, and did not award damages; and the second and third counterclaims for prima tort and fraud were dismissed (see Kassab v Kasab, 56 Misc 3d 1213 [A]). 
Avraham Kasab filed an appeal and Nissim Kassab filed a cross appeal from this Court's Bench Trial Order, Judgment and Order, filed on August 3, 2017. Abraham Kasab's motion to stay enforcement of said order was denied by the Appellate Division, Second Department, on November 27, 2017 (Matter of Kassab v Kasab, Slip Opinion No. 2017 NY Slip Op 93399 [U] [2d Dept 2017]. Abraham and Nissim's time to perfect said appeal, serve an file briefs, answering and reply briefs was extended by the Appellate Division, Second Department on March 30, 2018 (Matter of Kassab v Kasab, Slip Op 2018 NY Slip Op 68455 U [2d Dept 2018]).
This Court issued a Final Order, dated and filed on January 5, 2018, in the prior hybrid special proceeding and action known as Kassab v Kasab, Index Number 711061 2015. Said Final Order provides, in pertinent part, that as the Appellate Division Second Department in an order, dated November 27, 2017, denied a stay of the Judgment, and as Avraham Kasab did not exercise his option to buyout petitioner Nissim Kassab's interest in Corner within the time period set forth that Judgment, Corner is dissolved and a Receiver was authorized to sell the properties (Lots 79 and 150) upon public notice at a public auction, or with the written consent of both Nissim and Avraham at a private sale, and set forth certain directions with respect to the receiver's conduct of public sale, the receiver's report, the proceeds of the sale, and the receiver's winding up of the business and affairs of Corner. 
In an order, dated March 8, 2018 and filed on March 9, 2018, this Court appointed a temporary receiver to sell the properties owned by Corner, and granted the receiver leave to hire a surveyor and a fence installer. In an order, dated March 28, 2018, this Court amended certain provisions of said Final Order with respect to the sale of the Corner properties, and approved the receiver's closing of the parking lot business on the Corner properties. The parking lot was in operation and generated revenue, during the months of January, February and April, 2018, and Abraham, pursuant to the terms of an order to show cause issued in the Corner dissolution proceeding and dated April 17, 2018, was directed to turn over the said funds to the court appointed receiver. 
The within hybrid special proceeding and action
Petitioner Nissim Kassab commenced the within hybrid special proceeding and action on November 21, 2017. The allegations set forth in the petition/complaint are based entirely upon this Court's findings set forth in the Bench Trial Order, Judgment and Order, dated August 3, [*4]2017, in the hybrid special proceeding to dissolve Corner and action entitled Kassab v Kasab, Index No. 711061 2015. 
The first cause of action seeks a judgment dissolving Mall, pursuant to Limited Liability Company Law § 702.
The second cause of action against Abraham for breach of contract alleges a breach of Mall's Operating Agreement and agreement dated August 27, 2012. The third cause of action against Avraham for an accounting and an award of punitive damages, alleges that Abraham breached his fiduciary duty to Nissim by failing to accurately account for the actual income of Corner and Mall, by failing to distribute to Nissim 40% of the actual net income of Corner and Mall to which Nissim is entitled, and by misappropriating the funds he failed to distribute to Nissim. The fourth cause of action against Avraham for the imposition of a constructive trust, and an award of punitive damages, is based upon Avraham's position as a majority shareholder of Corner and a majority member of Mall. The fifth cause of action alleges a derivative claim for compensatory damages against Avraham, on behalf of Mall and Corner, for breach of fiduciary duty and an award of punitive damages, as well as attorney's fees pursuant to BCL § 626(e). The sixth cause of action for alleges a derivative claim on behalf of Mall and Corner, based upon allegations that Avraham has been unjustly enriched by failing to accurately report the actual income of Mall and Corner, and by misappropriating the income and funds of Mall and Corner and seeks to recover compensatory and punitive damages. The seventh cause of action asserts a derivative claim against Avraham, on behalf of Mall and Corner, based upon Avraham's position as a majority shareholder of Corner and a majority member of Mall, and seeks the imposition of a constructive trust and an award of punitive damages, as well as reasonable expenses, including attorney's fees pursuant to BCL § 626(e),
Respondent Avraham Kasab, in a separate pre-answer motion, seeks to dismiss the petition in its entirety on the grounds of res judicata and collateral estoppel and the failure to state a cause of action, and seeks to recover attorney's fees, costs and disbursements.
Legal Standards
In deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Matter of Kassab v Kasab, 137 AD3d 1135, 1137 [2d Dept 2016]).
Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (see Matter of Josey v Goord, 9 NY3d 386, 389 [2007]; Matter of Hunter, 4 NY3d 260, 269 [2005]; O'Brien v Syracuse, 54 NY2d 353, 357 [1981]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485[1979]; Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946 [2016]). "[U]nder New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same [*5]transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Matter of Hunter, 4 NY3d at 269 [internal quotation marks omitted]; see O'Brien v City of Syracuse, 54 NY2d at 357; Webb v Greater NY Auto. Dealers Assn., Inc., 144 AD3d 1134, 1134-1135 [2016]; Grossman v New York Life Ins. Co., 90 AD3d 900, 991 [2d Dept 2011] ).
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from litigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Li v Peng,AD3d, 2018 NY Slip Op 03337, 2018 NY App Div Lexis 3292 [2d Dept 2018]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). The doctrine applies if the issue in the second action was raised, necessarily decided, and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349).
Petitioner's first cause of action for dissolution of Mall
The petition alleges that "Nissim is filing this petition for the dissolution of Mall and other relief based upon the new evidence that came to light in the Prior Dissolution Action (including evidence of facts and events that post-date the dismissal of Nissim's prior dissolution claim as to Mall), and the Court's findings in the Judgment grounded in this new evidence." Petitioner relies, in particular, upon this Court's findings in the Corner dissolution proceeding that the parking lot business was operated as a single business on all three lots owned by Corner and Mall; that only Mall has a license to operate the parking lot; that there is no access directly from the street to Mall's property; and that the combined property can accommodate 130 to 140 cars; and that Avraham under-reported the number of vehicles utilizing the parking lot, and consequently, the amount of income the lot produced.
It is alleged that this Court found in the Corner dissolution proceeding that although Nissim had been involved in the management of the business for years, Avraham excluded him from both the management and participation in the business, and for the past four years has been running the business alone, failing to keep Nissim involved and engaging in "despotic decision-making practices," including his unilateral rejection in November 2015, of an offer from a potential buyer, his unilateral inaction regarding rental offers in October 2015 and April 2016, and his hiring of a new accountant and a new parking lot attendant. It is asserted that these claims arose after the filing and dismissal of the prior dissolution claim, and could not have been included in the prior petition or considered in the prior motion to dismiss the Mall dissolution claim.
It is also alleged that this Court, in its Judgment in the Corner dissolution proceeding, found that Avraham has been under-reporting the cash revenue of the business and "engaged in looting, waste and diversion of corporate assets"; in particular that he "understated that amounts of gross receivables from the parking business" by having "under-reported the amount of cars that were being parked in the parking lot" and thus diverted "significant sums of unreported cash" from the business. It is asserted that these findings were based upon the evidence of the [*6]investigator's surveillance of the parking lot, in March 2017, which was presented at trial later that month, and thus could not have been included in the prior petition to dissolve Mall. 
Petitioner asserts that this Court's findings in the Judgment pertaining to Corner are sufficient to support his present claim for judicial dissolution of Mall, and are also sufficient to support his claims that Avraham had been engaged in continuous and ongoing breaches of both his fiduciary and contractual duties with respect to Mall and Corner.
A court may order the dissolution of a limited liability company "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement" (Limited Liability Company Law § 702. The statute does not define the term "reasonably practicable." In determining whether a limited liability company should be dissolved, pursuant to Section 702, "the court must first examine the limited liability company's operating agreement to determine, in light of the circumstances presented, whether it is or is not 'reasonably practicable' for the limited liability company to continue to carry on its business in conformity with the operating agreement," and not whether it is impossible (see Matter of Kassab v Kasab, 137 AD3d 1135,[2d Dept 2016]; Matter of 1545 Ocean Ave., LLC, 72 AD3d 121[2d Dept 2010]). The petitioner seeking judicial dissolution must either "show that the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or [that] continuing the entity is financially unfeasible" ( Doyle v Icon, LLC, 103 AD3d 440, 440 [1st Dept 2013] [quoting Matter of 1545 Ocean Ave., LLC, 72 AD3d at 131][internal citations and quotation marks omitted]; see also Matter of Kassab v Kasab, 137 AD3d at 1137). If the general nature of the business purpose is ultimately "vague", the evidence must make it clear that the purpose of the company is no longer being fulfilled to necessitate dissolution (Matter of 47th Road LLC, 54 Misc 3d 1217[A][Sup Ct, Queens County 2017]).
Disputes between members are not sufficient to warrant the exercise of judicial discretion to dissolve an LLC that is operated in a manner within the contemplation of it purposes and objectives as defined in its articles of organization and/or operating agreement (see Matter of 47th Road LLC, 54 Misc 3d at 1217[A]; Matter of Natanel v Cohen, 43 Misc 3d 1217[A] [Sup Ct, Kings County 2014] ). It is only where discord and disputes by and among the members are shown to be inimical to achieving the purpose of the LLC will dissolution under the "not reasonably practicable" standard imposed by LLC § 702 be considered by the court to be an available remedy to the petitioner (see Matter of Kassab v Kasab, 137 AD3d at 1136-1137; Matter of 1545 Ocean, 72 AD3d at 130—132; Matter of 47th Road LLC, 54 Misc 3d at 1217[A]; see also Matter of Sieni v Jamsfab, LLC, 2013 WL 3713604, 2013 NY Misc Lexis 2900, 2013 NY Slip Op 31473[U], [Sup Ct, Suffolk County 2013]; Goldsein v Pikus, 2015 NY Misc LEXIS 2849, 2015 NY Slip Op 31455(U) [Sup Ct NY Co 2015]).
Here, accepting as true the facts alleged in the petition/complaint and according the petitioner the benefit of every favorable inference (see Leon v Martinez 84 NY2d at 87), the petitioner has failed to state a cause of action for judicial dissolution of the LLC, pursuant to Limited Liability Company Law § 702, based on his allegations of oppressive conduct and the respondent's efforts to exclude him from the management of the LLC which are alleged to have occurred in the years since the filing of the first unsuccessful petition to dissolve Mall (see Doyle v Icon, LLC, 103 AD3d 440 [1st Dept2013]).
Mall's Operating Agreement, dated March 13, 2001, and signed by both Nissim and Avraham, states that its purpose is "engaging in any lawful act or activity for which limited liabilities companies may be formed under the LLCL and engaging in any and all activities necessary or incidental to the foregoing." Nissim and Avraham did not execute a subsequent Operating Agreement. As a result of the Corner dissolution proceeding, that portion of the parking lot that exists on Corner's two adjoining lots has been closed and said properties are to be sold. 
Mall continues to hold a license to operate a parking lot. Contrary to the petitioner's allegations, this Court did not find that Mall's property, Lot 24, is completely inaccessible from the street. A portion of Mall's real property abuts the public sidewalk, but does not currently have a curb cut or driveway that would allow vehicles to enter said property from the street. However, the absence of a curb cut or driveway on Lot 24 is not determinative here, as the petitioner does not claim that Mall was formed for the purpose of operating a parking lot/flea market on its property, or that Mall is required to continue to operate such a business. It is undisputed that Mall is a real estate holding company and that it owns a unimproved parcel of real property (Block 10101, Lot 24). Petitioner does not allege that Mall is unable to pay its expenses related to the ownership of its real property, and, therefore, it continues to be a viable real estate holding company. Petitioner's allegations, thus, are insufficient to demonstrate that "the management of Mall is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved" or that "continuing the entity is financially unfeasible" (Matter of 1545 Ocean Ave LLC, 72 AD3d at 131; see also Kassab v Kasab, 137 AD3d at 1137). 
The Court further finds that the petitioner's allegations are insufficient to demonstrate that the discord and disputes between himself and Avraham are inimical to achieving Mall's purpose. The fact that Avraham has excluded Nissim from participating in the operation of Mall, and that in the past they have had different views regarding business opportunities related to the real property owned by Corner and Mall, is insufficient to warrant a dissolution of the subject limited liability company (see Matter of 1545 Ocean, 72 AD3d at 130—132; Matter of 47th Road LLC, 54 Misc 3d at 1217[A]). Accordingly, that branch of respondent's motion which seeks to dismiss the petition for judicial dissolution of Mall, on the grounds of failure to state a cause of action, is granted.
Nissim's claims for punitive damages
Nissim, in his direct and derivative causes of action has asserted claims for punitive damages, based upon Avraham's actions towards him, and the alleged failure to accuarately account for all of Mall's and Corner's income from the parking lot and flea market businesses, including the alleged under-reporting of income and the alleged manipulation of the entities' tax liabilities. Nissim cannot recover punitive damages under the facts alleged in the petition/complaint, since Avraham's alleged conduct does not involve " a fraud evincing a high degree of moral turpitude" or demonstrate "such wanton dishonesty as to imply a criminal indifference to civil obligations", nor was such conduct "aimed at the public generally" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994][internal quotation [*7]marks omitted]; see also New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]. Nissim's demands for punitive damages must, therefore, be dismissed.
The direct second cause of action for breach of contract
Nissim alleges that Avraham has breached Mall's Operating Agreement and the August 2012 agreement (incorrectly referred to as the August 2017 agreement in the petition/complaint) by excluding him from the management and business of Corner and Mall; by under reporting income of the two companies and manipulating their finances; and by failing to make any financial distributions. It is alleged that these material breaches have been continuous and ongoing. It is also alleged that Avraham has materially breached the covenants of good faith and fair dealing implied in the August 2012 agreement and Mall's Operating Agreement by preventing Nissim from participating in the business and management of Corner Mall, preventing him from providing any management services for these companies, and by under-reporting of income of both entities.
In the within proceeding/action, Nissim acknowledges that in the Corner dissolution proceeding/action this court did not find that Avraham breached the distribution agreement by failing to make distributions for the years 2013, 2014 and 2015. The Court determined that the parking lot/flea market business was jointly operated by Corner and Mall, and considered evidence pertaining to both Corner and Mall's reported net rental real estate income for the fiscal years 2013, 2014 and 2015. Nissim's present claim against Avraham for breach of contract, based upon the failure to distribute income prior to December 31, 2015, therefore, is barred by the doctrine of res judicata. 
Nissim's claim against Avraham for breach of contract is based upon his ouster from the management of Corner and Mall and the under reporting of Corner and Mall's income, is based upon the same transactions and occurrences alleged in Nissim's prior claim for breach of fiduciary duty. Nissim's ouster was due to his own misconduct, and this Court awarded no damages for the claim of breach of fiduciary duty, due to Nissim's malfeasance. This portion of the present breach of contract claim could have been raised in the prior Corner dissolution proceeding/action and, therefore, under New York's transactional analysis approach to res judicata, this claim is barred (see O'Brien v City of Syracuse, 54 NY2d at 357; Matter of Hunter, 4 NY3d at 269; Webb v Greater NY Auto. Dealers Assn., Inc., 144 AD3d 1134, 1134-1135 [2016]; Grossman v New York Life Ins. Co., 90 AD3d 900, 991 [2d Dept 2011] ).
The parties in the prior Corner dissolution proceeding/action did not litigate the issue of income distributions for 2016, and no evidence was submitted by the parties with respect Mall and Corner's income or losses for said fiscal year. In addition, as the trial ended prior to the end of 2017, the issue of income distribution for fiscal year 2017 could not have been litigated at that time. Therefore, as Nissim did not have a full and fair opportunity to litigate the issue of distributions for 2016 and 2017, his claim for breach of contract, based upon a failure to make distributions for fiscal years 2016 and 2017, is not barred by the doctrine of res judicata. 
This Court, in its Final Order in the Corner dissolution and action, dated January 5, 2018, dissolved Corner, appointed a receiver to sell Corner's real property, and ordered the receiver to wind up the business and affairs of Corner. The receiver was granted the authority, among other [*8]things, to supervise the distribution of all remaining cash to the respective owners of Corner in proportion to their respective ownership interest, 25% to Nissim and 75% to Abraham. As Avraham has been directed to turn over all proceeds from the parking lot for January, February and April, 2018 to the court appointed receiver, any claims regarding the distribution of said sums shall be determined by the receiver in the Corner dissolution proceeding.
Nissim's third direct claim against Abraham for an accounting
Nissim's claim for an accounting is predicated upon this Court's findings of fact in the Corner dissolution proceeding/action and alleges that Avraham failed to accurately account for the actual income of Corner and Mall, and that he misappropriated funds that should be distributed to Nissim. It is alleged that Avraham's actions are ongoing and continuous. Nissim, in the prior Corner dissolution proceeding/action was in receipt of Corner and Mall's handwritten receipts, ledgers, bank records, and tax returns for 2013, 2014 and 2015, and the evidence presented therein established that the parking lot and flea market were run jointly by both entities as an all cash business; that Avraham made cash deposits in the entities' accounts; and that in March 2017, Avraham under-reported the number of cars that were being parked in the parking lot. Nissim, as 25% shareholder of Corner and a 25% member of Mall, therefore may maintain the second cause of action for an accounting for the period of January 1, 2016 through December 31, 2017. 
Nissim's fourth direct cause of action against Abraham for a constructive trust
"A constructive trust is an equitable remedy and its purpose is to prevent unjust enrichment" (Marini v Lombardo, 79 AD3d 932, 933[citation omitted] [2d Dept 2010]; see Sanxhaku v Margetis, 151 AD3d 778, 779 [2d Dept 2017]; Tyree v Henn, 109 AD3d 906, 907 [2d Dept 2013]). To obtain the remedy of a constructive trust, a party is generally required to establish four factors, or elements, by clear and convincing evidence:

 (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise (see Sharp v Kosmalski, 40 NY2d 119, 121[1976] ; Kaprov v Stalinsky, 145 AD3d 869, 870 [2d Dept 2016]; Diaz v Diaz, 130 AD3d 560, 561[2d Dept 2015]; Tyree v Henn, 109 AD3d at 907). "[T]hese factors, or elements, serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established" (Tyree v Henn, 109 AD3d at 907-908, citing, inter alia, Simonds v Simonds, 45 NY2d 233, 241[1978 ]; see Henning v Henning, 103 AD3d at 780), because "the constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice" (Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 645 [2d Dept 2015]; see Sanxhaku v Margetis, 151 AD3d at 779; Kaprov v Stalinsky, 145 AD3d at 870).
Nissim alleges that Avraham wasted, mismanaged and/or misappropriated the income and funds that he was obligated to distribute to Nissim; that he breached his fiduciary duty to Nissim; and that as a result of his misconduct, Avraham inured to himself the benefit of the [*9]income and funds rightfully belonging to Nissim, and thereby unjustly enriched himself at Nissim's expense.
This Court, in the prior Corner dissolution proceeding/ action, determined that Nissim and Avraham each breached their fiduciary duty to one another and that they each committed waste in that Nissim misappropriated funds belonging to the businesses and Avraham under-reported income. However, this court expressly declined to award damages to Nissim. The within claim arises out of the same transactions and circumstances that were previously determined in the prior action. As this claim could have been raised in the prior Corner dissolution proceeding/action, under New York's transactional analysis approach to res judicata, this claim is barred (see O'Brien v City of Syracuse, 54 NY2d at 357; Matter of Hunter, 4 NY3d at 269; Webb v Greater NY Auto. Dealers Assn., Inc., 144 AD3d 1134, 1134-1135 [2016]; Grossman v New York Life Ins. Co., 90 AD3d 900, 991 [2d Dept 2011]).
Nissim's fifth, sixth and seventh derivative cause of action against Avraham
The fifth cause of action alleges a derivative claim for compensatory damages against Avraham on behalf of Mall and Corner for breach of fiduciary duty and an award of punitive damages, as well as attorney's fees pursuant to BCL § 626 (e).
The sixth cause of action asserts a derivative claim on behalf of Mall and Corner against Avraham for unjust enrichment and alleges that Avraham failed to accurately report the actual income of Mall and Corner, and misappropriated the income and funds of Mall and Corner. Nissim seeks to recover compensatory damages on behalf of Mall and Corner, as well as reasonable expenses, including attorney's fees pursuant to BCL § 626(e).
The seventh cause of action of alleges a derivative claim against Avraham on behalf of Mall and Corner seeks the imposition of a constructive trust, an award of punitive damages, and reasonable expenses, including attorneys' fees pursuant to BCL § 626(e).
These derivative claims are based upon the same occurrences and transactions asserted in the prior Corner proceeding/action. As these claims could have been raised in the prior Corner dissolution proceeding/action, under New York's transactional analysis approach to res judicata, these claims are barred (see O'Brien v City of Syracuse, 54 NY2d at 357; Matter of Hunter, 4 NY3d at 269; Webb v Greater NY Auto. Dealers Assn., Inc., 144 AD3d 1134, 1134-1135 [2016]; Grossman v New York Life Ins. Co., 90 AD3d 900, 991 [2d Dept 2011]).
Conclusion
That branch of respondent's motion which seeks to dismiss the petition for judicial dissolution of Mall 92-30 Associates LLC is granted; that branch of the motion which seeks to dismiss the second cause of action for breach of contract is granted only to the extent that claims based upon the failure to distribute income prior to December 31, 2015, Nissim's ouster from the management of Mall and Corner, and the under reporting of income, are dismissed, and is denied as to the claim for breach of contract based upon the failure to make distributions for fiscal years 2016 and 2017; that branch of the motion which seeks to dismiss the third cause of action for an action is granted for the period of March 2013 through December 31, 2015, and is denied as to [*10]the period of January 1, 2016 through December 31, 2017; those branches of the motion which seeks to dismiss the fourth, fifth, sixth and seventh causes of action are granted in their entirety. The claims for punitive damages that are incorporated into direct and derivative causes of action against Avraham Kasab, are dismissed.
The pleading for the remaining causes of action shall be treated as a complaint, and Avraham Kasab is given leave to serve an answer to the remaining claims, as stated above, within thirty (30) days from the service of a copy of this Order, together with Notice of Entry. 
Dated: June 11, 2018
..................................................
TIMOTHY J. DUFFICY, J.S.C.