Lindgren v Capital Area-Hudson Val. N.Y. Dental, P.C. (2025 NY Slip Op 05074)

Lindgren v Capital Area-Hudson Val. N.Y. Dental, P.C.

2025 NY Slip Op 05074

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-08645
 (Index No. 600550/23)

[*1]Denise L. Lindgren, et al., appellants, 
v
Capital Area-Hudson Valley New York Dental, P.C., etc., et al., respondents.

Lutfy & Santora, Staten Island, NY (James L. Lutfy of counsel), for appellants.
O'Connor, O'Connor, Bresee & First, P.C., Albany, NY (Elizabeth J. Grogan of counsel), for respondent Capital Area-Hudson Valley New York Dental, P.C.
Kiernan Trebach LLP, Garden City, NY (Afaf "Faye" Sulieman and Steven H. Rosenfeld of counsel), for respondent Tamika K. Anoia.

DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered June 30, 2023. The order, insofar as appealed from, granted the motion of the defendant Capital Area-Hudson Valley New York Dental, P.C., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and that branch of the motion of the defendant Tamika K. Anoia which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In March 2016, the plaintiff Denise L. Lindgren (hereinafter the injured plaintiff) commenced an action against the defendants, inter alia, to recover damages for dental malpractice (hereinafter the prior action). The injured plaintiff alleged, among other things, that the defendants were negligent and deviated from accepted dental practices in relation to a root canal procedure performed in January 2012. In an order dated June 30, 2022, the Supreme Court granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred (see Lindgren v Anoia, 224 AD3d 1105, 1106-1107).
In January 2023, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, inter alia, to recover damages for dental malpractice, again in relation to the January 2012 root canal procedure. The defendant Capital Area-Hudson Valley New York Dental, P.C. (hereinafter Capital), moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and the defendant Tamika K. Anoia moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In an order entered June 30, 2023, the Supreme Court, inter alia, granted Capital's motion and that branch of Anoia's motion. The plaintiffs appeal.
"Pursuant to CPLR 3211(a)(5), a party may move to dismiss [a complaint] based upon [*2]the doctrine of res judicata" (Ciafone v City of New York, 227 AD3d 946, 948). "The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1134, 1134 [internal quotation marks omitted]). "Under the doctrine . . . , a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior [action]" (L.T. Motors Auto Sales, Inc. v Kaplon-Belo Assoc., Inc., 230 AD3d 1309, 1311 [internal quotation marks omitted]). "This doctrine is designed to provide finality in the resolution of disputes, recognizing that considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation" (Matter of Grossbarth v Danker, Milstein & Ruffo, P.C., 142 AD3d 706, 707 [alteration and internal quotation marks omitted]). An order granting a motion for summary judgment dismissing a complaint as time-barred constitutes a determination "on the merits for res judicata purposes" (Williams v City of Yonkers, 160 AD3d 1017, 1018 [internal quotation marks omitted]; see Smith v Russell Sage Coll., 54 NY2d 185, 194) and, therefore, "has preclusive effect" (Bayer v City of New York, 115 AD3d 897, 899 [internal quotation marks omitted]).
Here, contrary to the plaintiffs' contention, the Supreme Court properly granted Capital's motion and that branch of Anoia's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them based on the doctrine of res judicata (see Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d at 1135). The causes of action asserted against the defendants in this action arose out of the same subject matter and set of operative facts as those asserted against the defendants in the prior action (see Morris v Zimmer, 227 AD3d 696, 700-701; Bayer v City of New York, 115 AD3d at 899). Indeed, the causes of action in both actions were based upon the defendants' alleged acts and omissions relating to the same dental procedure. Moreover, the order granting the defendants' separate motions for summary judgment dismissing the complaint in the prior action insofar as asserted against each of them as time-barred constituted a determination on the merits (see Williams v City of Yonkers, 160 AD3d at 1018; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d at 1135).
In light of our determination, we need not reach the issue of whether the defendants were entitled to dismissal of the complaint insofar as asserted against each of them as time-barred pursuant to CPLR 3211(a)(5) (see Barbetta v Facchini, 236 AD3d 623; Sizova v Union Mut. Fire Ins. Co., 217 AD3d 1007, 1008).
The parties' remaining contentions also need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court